SIGRED THOMPSON, Appellee, v. J. TAYLOR THOMPSON, Appellant.

DIVORCE: Grounds—Cruel and Inhuman Treatment—Elements.
1  The word "treatment," under Sec. 3174, Subdiv. 5, Code, 1897, providing for divorce where the husband 'is guilty of such cruel and inhuman treatment as to endanger the wife's life, does not refer to physical violence alone, and thereunder, "life" may be held to have been endangered by treatment such as habitual unkindness, which would affect the mind and react on the body.

DIVORCE: Grounds—Inhuman Treatment—Sufficiency of Evidence.
2  Evidence reviewed, and *held* that there was such inhuman treatment as to endanger the wife's life, within the meaning of Sec. 3174, Subdiv. 5, Code, 1897, where the husband subjected her to curses, suspicion, and neglect, which produced mental disturbance, heartsickness, and unhappiness.

DIVORCE: Grounds—Incompatibility of Temperament in Connection
3  with Other Treatment. While, under the laws of Iowa, incompatibility of temperament is not a ground for divorce, yet unsuitability of mind, differences in previous training, of character and of temperament, may be considered in determining the effect that the treatment complained of has upon the mind, and whether the natural effect of the continuation of such treatment would imperil the life of the complainer.

*Appeal from Story District Court.*—E. M. McCALL, Judge.

·JULY 7, 1919.

APPEAL from a decree of the court granting a divorce, based upon the grounds of cruel and inhuman treatment. Decree granted plaintiff as prayed. Defendant appeals.— *Affirmed.*

*McHenry, DeFord & McHenry,* for 'appellant.

*C. G. Lee* and *I. R. Meltzer,* for appellee.

GAYNOR, J.—In this action, the plaintiff sought a divorce against her husband on the ground of cruel and in-

human treatment. Upon the record made, the court found her contention sustained, and entered a decree in her favor, as prayed. From this the defendant appeals. The only ground for the appeal is that the evidence does not justify the decree.

The action is based on Subdivision 5 of Section 3174 of the Code of 1897, which reads:

"Divorces from the bonds of matrimony may be decreed against the husband for the following causes:  *  *  * 5. When he is guilty of such inhuman treatment as to endanger the life of the wife."

This statute does not mean that divorce from the bonds of matrimony may be decreed only when it is shown that the husband has been guilty of some act of physical violence to the wife which in and of itself endangers her life. It does not mean that the complaining wife, before she is entitled to invoke this provision of the statute and obtain the relief which it affords, must be able to show that the husband was guilty of some physical violence which, operating upon her person, had, in and of itself, a tendency to endanger her life. Or, to express it differently, the word "treatment," as used in this statute, does not refer to physical violence alone. Physical violence towards the wife, when carried to such a point as to endanger her life, is unquestionably a ground for divorce. Physical violence may consist in many acts, each slight in its character. and none producing marks of violence upon the person, and yet these, considered as a whole, may be grounds for divorce; certainly so when from them the court is able to say the life of the wife is endangered. Life may be endangered by treatment though it involves no physical violence. It takes more than the physical body to make up the entity known as a human being. The mind can grasp the possibility of inhuman treatment that does not endanger life.

1. DIVORCE: grounds: cruel and inhuman treatment: elements.

Whether it does or not, depends, not only upon the physical, but upon the moral, mental, or spiritual quality of the one made subject to the treatment. Some people are stoical and indifferent, in a degree, to certain kinds of treatment. To others, more sensitive and delicate in their organization, the treatment is intolerable, weighs heavily upon the heart, and preys upon the mind. This, reacting upon the body, endangers the life of the body. As some poet has said: "Killed by unutterable unkindness, worse than a life of blows." In the case before us, the record does not disclose any single act of physical

2. DIVORCE: grounds: inhuman treatment: sufficiency of evidence.

violence on the part of the defendant which, considered alone, had a tendency to endanger the life of his wife, but it does disclose a mental picture of conditions and treatment which, operating upon the mind of this plaintiff, might well tend to produce painful mental disturbance, a heavy heart, and a sorrowing mind; or, in other words, such treatment as tended to humiliate her and destroy her inalienable right to be happy. The relationship between husband and wife is very close. Each rightfully looks to and depends upon the other for companionship of heart and mind, and each is pledged to the other to bring into the home life that sunshine which gives warmth and comfort and happiness. We recognize the fact that, even in the balmiest weather, a cloud may pass between the sky and earth, but none of us looks with pleasure on perpetual storms, clouds, and bitter cold, though, through the operation of natural laws, they sometimes come into our lives. "Some days must be dark and dreary." We know of peoples who live happily in the northland, mid snow and ice and bitter cold. These conditions do not imperil their lives, because they are hardened to them; yet to one brought up in the warmth of the southland, the conditions of the northland are intolerable, and under their chilling influences, they fade away and die.

So it is with life in the home. A woman reared in the atmosphere of love and trust and confidence pines away, when transplanted into an atmosphere pregnant with curses, suspicion, and neglect.

During the years that intervened between the marriage of this plaintiff and the defendant, dark clouds had slowly enveloped her life. She was subject to curses, suspicion, and neglect. These produced mental disturbances, heart sickness, and unhappiness. These, reacting, had a natural tendency to imperil her life. There are plants that grow in dark and gruesome places. There are plants that thrive only in the sunshine and the light. The sunshine and the light are essential to their lives. Without it, they fade and die. So, under the record that is made in this case, the court might well have found, and, we think, did find, that the plaintiff was not accustomed to the atmosphere in which she was forced to live after her marriage; that the chilling and life-sapping conditions found in her married life and in her home were due to the treatment of the defendant. Nothing is shown to have come between them and the happiness to which she was entitled as the wife of this man, except such as is traceable directly to his conduct. That her home life was unhappy, that the cold and chilling atmosphere of neglect, supplemented by a harsh mental attitude towards her and her antecedents, would ultimately tend to imperil her life, we think the record makes reasonably clear.

We are not disposed to set out the evidence, nor is it necessary to do so, because the questions upon which this case must be determined have many times been before this court. No rule can be laid down that binds the mind of the court in determining whether or not the plaintiff has shown herself entitled, under this statute, to be relieved from the unhappy and life-blighting influences in which she finds herself. Each case must be adjudged on its own particular facts. In reaching the conclusion we do, we are not guided

entirely by the verbal testimony of the witnesses, but also by the suggestion which that evidence gives to the mind of conditions.

While it is true that incompatibility of temperament is not a ground for divorce in this state, yet unsuitability of mind and purpose, and differences in previous training, of character and of temperament, may be

3. DIVORCE: grounds: incompatibility of temperament in connection with other treatment.

considered in determining the effect that the treatment complained of has upon the mind of the complaining party, and whether the continuation of that treatment would have, in its natural effect, the imperiling of the life of the complainer. Though this record is not as strong in its facts as some that have been submitted to us, yet we think there is sufficient to justify the court in reaching the conclusion that it did, and with that conclusion we are satisfied, and the judgment is—*Affirmed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.