BARBARA DOYLE, appellee, v. HENRY E. DOYLE, appellant.

No. 47717.

(Reported in 44 N.W.2d 761)

NOVEMBER 14, 1950.

Lee R. Harding, of Clinton, for appellant.

Emmett P. Delaney and John L. Delaney, both of Clinton, for appellee.

WENNERSTRUM, J.—The defendant has appealed from the entry of a decree of divorce granted to his wife, the plaintiff, wherein she was awarded the care and custody of four minor children, and which ordered the payment by defendant to plaintiff of $40 each month for the support of the children and the payment of $125 to plaintiff's attorney for legal services rendered in this action.

The appellee and appellant were married October 11, 1941, and continued to live together as husband and wife until approximately September 15, 1949. The appellee, at the time of the trial, was twenty-six years of age and the appellant was thirty-eight. The ages of the children at that time were seven, five, four and two years. The three eldest children are boys and the youngest child is a girl. The appellant has not been particularly successful in providing a livelihood for his wife and children and part of their marital troubles has apparently developed because of this fact. There is no evidence of any physical violence inflicted on appellee by the appellant. However, there is corroborated testimony that the appellant had, for a considerable time, evidenced a critical and irritating attitude toward appellee. Despite the fact that the wife had the responsibility of rearing the four children, the husband repeatedly was critical of her because of claimed conditions in the home and her inability to properly care for the family. These complaints continued even though the husband made relatively limited contributions to the family expense. The appellant had been in military service during World War II and by reason of conditions that developed during his service he was receiving a ten per cent disability payment of approximately $13 per month. During the latter period in which appellee and appellant lived

together she was employed and earned approximately $20 per week which materially aided in the support of the children.

The general attitude of the appellant is disclosed by the testimony of the appellee who stated, in part, "* * * the only time I got out of the apartment was when I took the kids out in the snow in the afternoon; he objected to my going visiting; he said I didn't love him any more; after I gave the kids a bath and put them to bed I would visit with the ladies in the apartment; he said I didn't love him any more because I went to talk to some women instead of staying home." The foregoing statement of the appellee is but a portion of the record which discloses the complaining and critical attitude of the appellant. As the result of this continuing demeanor of the appellant it is shown that the appellee suffered a nervous breakdown and a loss of considerable weight. Relative to the physical and mental condition of the appellee, the court, in its findings of fact, stated: "It was obvious to the court that the plaintiff was in a highly nervous state. Throughout her entire testimony she was on the verge of tears and hysteria. The court is convinced that her actions on the stand were real and not the product of dramatic actions to impress the court." From a reading of the record we have reached the conclusion that the appellee's condition was shown to have been the result of the quarrelsome and irritating spirit of the appellant evidenced toward the appellee and that it amounted to cruel and inhuman treatment which, if continued, would endanger the life of the appellee.

I. The trial court, as disclosed by the foregoing quoted portion of its findings of fact, was particularly impressed by the showing that the appellee had been the victim of cruel and inhuman treatment which would endanger her life, despite the fact that there had been no physical attack upon her. The findings and conclusions of the trial court are given much weight and consideration by this court in a review of cases of this character. Littleton v. Littleton, 233 Iowa 1020, 1024, 10 N.W.2d 57; Dillavou v. Dillavou, 235 Iowa 634, 639, 17 N.W.2d 393, and cases cited.

II. We have frequently held that treatment of a party to a marriage state may amount to cruel and inhuman treatment that endangers life even though there is no physical violence. In

1188

Low v. Low, 232 Iowa 1114, 1117, 7 N.W.2d 367, 368, we stated:

"While the record fails to show that at any time actual physical violence occurred, yet, to a woman of any refinement of character, appellee's conduct must have been such as to render their married life not only disagreeable but almost intolerable. The resulting struggle on her part for maintenance for herself and children and their education, with no assistance from her husband, together with his conduct, habits, coarse disposition and mind, lack of bodily neatness, and disregard for her feelings or the security of his family, could all well have contributed, and the testimony shows did so contribute, to her physical and nervous condition."

Other cases wherein the facts disclose a situation similar to those shown in the instant case are Doolittle v. Doolittle, 78 Iowa 691, 43 N.W. 616, 6 L. R. A. 187; Shook v. Shook, 114 Iowa 592, 87 N.W. 680; Aitchison v. Aitchison, 99 Iowa 93, 68 N.W. 573.

Under the record as presented in this case we have reached the conclusion that the trial court was right in granting a decree of divorce and in its orders pertaining to the custody of the children and support money for them.

We, therefore, affirm.—Affirmed.

All JUSTICES concur except HALE, J., not sitting.