ELTA L. RECORD, appellee, v. FRANK RECORD, appellant.

No. 48257.

(Reported in 57 N.W.2d 911)

744

APRIL 8, 1953.

Jordan & Jordan, of Cedar Rapids, for appellant.

John D. Randall and Richard F. Nazette, both of Cedar Rapids, for appellee.

LARSON, J.—Plaintiff alleges as ground for divorce that "the defendant * * * has been guilty of such cruel and inhuman treatment as to impair her health and endanger her life."

Plaintiff, age fifty, and defendant, a year older, were married June 5, 1950, and lived together until March 1952, when plaintiff

filed her petition for divorce. Both had been previously married and plaintiff had two grown daughters who lived with them until in June 1951, when one left to be married. Plaintiff was employed at Wilson & Company as a jowl press operator, earning $1.35 per hour. She continued to work after marriage. Defendant was employed by the Chicago & North Western Railroad Company as a yard clerk and last year earned $3626 which was used for household and living expenses. There was some dispute as to who paid what expenses, but that is not important to a decision in this case. Plaintiff had bought some property in which they lived and was paying off a mortgage of some $4000 thereon.

Apparently there was no serious trouble between the couple until nearly a year after the marriage. On this occasion, while plaintiff was at home on a four-month sick leave in the summer of 1951, the defendant became overamorous in midday and in the scuffle that followed plaintiff complained that she suffered a twisted neck and some two-inch scratches on her legs. Defendant desisted on plaintiff's stern warning.

Plaintiff had suffered from nervousness and severe headaches for some years. During the past year she claims her condition became worse due to the actions of the defendant. Plaintiff further complained that defendant was unclean, but admitted that he never had struck her or threatened her; never drank, gambled or stayed out nights; never called her names or shouted or swore at her; and did not embarrass her in the eyes of the neighbors. He did get meals, do washings and bring home the groceries; worked in the yard and attended her when she was ill in bed. Plaintiff maintained her normal weight of 128 pounds, but stated she had been under the care of an osteopath and a medical doctor for some time.

I. The defendant relies solely, as basis for reversal, on the allegation that plaintiff failed to prove that defendant had been guilty of cruel and inhuman treatment such as to endanger the life of plaintiff. We stated in the case of Milks v. Milks, 238 Iowa 785, 28 N.W.2d 472, that two questions are thus involved: (1) the treatment complained of by plaintiff and (2) the effect thereof on plaintiff. To determine whether or not plaintiff brings herself under the statutory requirements

we shall apply them here, for the right to divorce is not a natural one but is purely statutory. Tipton v. Tipton, 169 Iowa 182, 151 N.W. 90, Ann. Cas. 1916C 360; Pfannebecker v. Pfannebecker, 133 Iowa 425, 110 N.W. 618, 119 Am. St. Rep. 608, 12 Ann. Cas. 543; Hall v. Hall, 162 Iowa 653, 144 N.W. 320.

Code section 598.8, Code of 1950, provides: "Divorces * * * may be decreed against the husband for the following causes: * * * 5. When he is guilty of such inhuman treatment as to endanger the life of his wife."

 We have carefully examined the record submitted and fail to find evidence of physical violence exercised by defendant against the plaintiff. The only such acts of this nature complained of by plaintiff related to a scuffling or wrestling when defendant sought relations with his wife. No blows were ever struck. Any injury, such as related by plaintiff on one occasion in July 1951, was unintentional and cannot be said to amount to a violent physical assault upon her. There were no other assaults of any nature, unless the complaint by plaintiff that defendant had "B.O." is so held. We think that complaint trivial, indeed.

It is difficult to provide corroborative testimony regarding the reasonableness or unreasonableness of defendant's demands for physical relations. In marriage there are certain marital obligations and duties. The contemplated love and affection of the parties presume reasonable relations of that nature. Having each been married before it must have been contemplated. The burden rests, as always, with the complainant. Fisher v. Fisher, 243 Iowa 823, 53 N.W.2d 762. Medical testimony would aid us if the results injured plaintiff's health, but no such evidence was offered. As to the number of defendant's requests, there was some dispute. Plaintiff said, "Well, once a week or so, maybe." Defendant said "once a month." Plaintiff claimed the requests were at unreasonable hours in the night when she was tired and exhausted from a hard day's work. To the question why she refused, she answered: "Well, I was sick, working long hours, I was tired, exhausted, I would have to get to bed early, and he would wake me up in the middle of the night * * *."

We note that on these occasions defendant did not persist,

but believed himself abused, sulked and became silent, sometimes for days, and on one occasion "two or three weeks." This is not a case of sexual abuse. The facts here related to defendant's request, plaintiff's refusal and defendant's pouting. The effect, if any, was mental. We do not believe such actions by defendant amount to cruelty or inhuman treatment.

In an early Iowa case, Beebe v. Beebe, 10 Iowa 133, 135, this court said: "In the case of cruelty under our statute, the treatment received is not of itself a cause of divorce, and becomes material only as showing a just foundation for the apprehended danger to life." See also Olson v. Olson, 130 Iowa 353, 106 N.W. 758; Felkner v. Felkner, 153 Iowa 56, 133 N.W. 341; Weatherill v. Weatherill, 238 Iowa 169, 25 N.W.2d 336; Zuerrer v. Zuerrer, 238 Iowa 402, 27 N.W.2d 260; Walker v. Walker, 239 Iowa 1055, 33 N.W.2d 413.

II. Plaintiff concedes that the evidence upon physical violence is slight but maintains that there may be cruel and inhuman treatment that endangers life even though there be no physical violence. This is true and the cases firmly establish that rule in this state. Fisher v. Fisher and Milks v. Milks, both supra; Doyle v. Doyle, 241 Iowa 1185, 44 N.W.2d 761, and many others.

In Nelson v. Nelson, 208 Iowa 713, 715, 225 N.W. 843, 844, we said: "Just what acts in every instance will amount to cruel and inhuman treatment, within the meaning of that term, is not susceptible of precise definition."

This gives rise to the sometimes expressed belief that the court has not always seemed consistent in its holdings. However, each case must be decided upon its own facts, and in this case there is an apparent loss of mutual love and affection. It is not so apparent as to the cause. Was it disappointment by the plaintiff because defendant did not insist that she quit her job at the packing plant? Was it disappointment by the defendant because plaintiff was unresponsive to his desire for physical relations? Did defendant thereby sulk in silence and neglect his appearance? Do all of these actions add up to more than incompatibility? We think not. Incompatibility is not a ground for divorce in this state. Hill v. Hill, 201 Iowa 864, 208 N.W. 377, and many others.

748

III. We are aware that plaintiff claims mental distress because of these acts of defendant and claims she suffered serious headaches and nervousness, stating: "I just can't take it, I am so nervous and irritable." Many instances that are conclusions rather than facts appear in plaintiff's testimony, as well as those which furnish corroboration for her.

When it appears that the inhuman treatment complained about refers to mental torment, two factors become important: (1) The nature of the acts complained of and (2) the sensitiveness or mental and physical make-up of the complaining spouse. Hill v. Hill, supra.

In Thompson v. Thompson, 186 Iowa 1066, 1067, 173 N.W. 55, 5 A. L. R. 710, we said: "Life may be endangered by treatment though it involves no physical violence. * * * The mind can grasp the possibility of inhuman treatment that does not endanger life. Whether it does or not, depends, not only upon the physical, but upon the moral, mental, or spiritual quality of the one made subject to the treatment."

In the case before us the plaintiff contends that the treatment she received so worried her as to endanger her life.

The record is lacking in evidence to prove that plaintiff is a frail, sensitive person. Her work for years at the packing plant at "hard fast work", where odors are known not to be sweet, and the prior ailment and nervousness do not bespeak of frailty. Employment from 7 a. m. until 6 or 7 p. m. could exhaust, tire and fray the nerves of strong persons. We conclude that she has not shown herself in the delicate class so ably painted by Justice Gaynor in Thompson v. Thompson, supra, entitling her to special consideration in cases of this kind.

In the case of Hall v. Hall, supra, the trial court, as in this case, was somewhat in doubt as to whether or not the evidence submitted was sufficient. Plaintiff there testified she suffered from nervous trouble; that she worked hard, was fatigued; that she was subject to bad nervous headaches and was a "nervous wreck." No doctor there, though available, testified as to plaintiff's health. We held then that the evidence did not show defendant was guilty of such cruelty as to endanger life. Walker v. Walker, Milks v. Milks and Weatherill v. Weatherill, all supra;

Nicolaus v. Nicolaus, 243 Iowa 1105, 54 N.W.2d 811; Veeder v. Veeder, 189 Iowa 912, 179 N.W. 136.

We feel that the burden of proof here was not sustained and that the corroboration, though it tended to support plaintiff's statements, was not sufficient. In Olson v. Olson, supra, we said at page 355 of 130 Iowa, page 759 of 106 N.W.:

"A little patience, a spirit of forgiveness, and a measure of toleration for the frailties of human nature will do more for these parties than a decree of divorce. * * * while we may not compel husband and wife to live together, we can at least make it so difficult to obtain a divorce as to encourage another effort at observance of the matrimonial vows."

We think the same is applicable here, and urge upon the parties to make another effort to understand and sympathize with each other's problems.

IV. The public at large, or society, as well as the parties, are interested in the institution of marriage. The sanctity of marital relations is of the greatest importance to the people. They should not be dissolved to meet a selfish desire or fleeting fancy. It is dissolved only as a last resort when the protection and preservation of the life of the spouse demands it. Pfanne-becker v. Pfannebecker, supra.

Plaintiff knew defendant for over a year and a half prior to the marriage. He was a roomer at her house before their marriage. The record does not show that his attitude toward her changed, but rather that her expectations of being able to "stay home and enjoy my home" not having been realized, she grew tired of him.

The claimed aggravation of her nervousness and headaches we feel falls short of endangering her life, so as to justify the court's action in dissolving this marriage to society's detriment.

V. It is urged that this court should give great weight to the findings and conclusions of the trial court and abide by its decision. We have often done so, and in cases where there is a sharp conflict in the evidence it is most important to give great consideration to the findings of that judge. However, we pass on appeals in equity, anew, and where there is little dispute in the

record as to the facts, as in this case, we have often found reasons to differ with the learned district court.

After a careful and earnest consideration of all matters presented to us, we are firmly convinced that plaintiff failed to establish the grounds for divorce alleged in her petition and required by statute. We hold that the record does not sustain a finding that her life was endangered by any acts of defendant or that there was reasonable apprehension on her part that it would be endangered by cohabitation with the defendant. We are satisfied that the case should be and it is reversed.—Reversed.

All JUSTICES concur.