HARRIETT J. CARPENTER, appellee, v. WINTON S. CARPENTER, appellant.

No. 49104.

(Reported in 80 N.W.2d 323)

JANUARY 15, 1957.

B. C. Sullivan, of Rockford, for appellant.

Leslie P. Turner, of Nashua, and Larson & Carr, of Charles City, for appellee.

WENNERSTRUM, J.—Plaintiff brought an action for divorce from her husband claiming cruel and inhuman treatment by him which endangered her life. The defendant-husband denied these allegations and asked dismissal of the action. The trial court granted the wife a decree of divorce, gave custody of the children

to her, provided for child support and the division of jointly held property. The defendant has appealed only from that part of the decree which provides for a divorce.

The parties had been married for over thirteen years at the time of the trial. They had four children whose ages at that time ranged from eleven to five years. The difficulties between the parties had continued for several years before the bringing of the present action. The wife had left the home several times by reason of claimed inhuman treatment of her by her husband and on one occasion she and the children remained away for a three-month period. During this time she brought an action for divorce which later was dismissed. The economic condition of the family may have brought about some of the difficulties between the parties. It is also apparent from the record both plaintiff and defendant had been guilty of some indiscretions which caused a part of the difficulties between them. And, as is too often the case, the excessive use of intoxicating liquors by the defendant caused some of the situations of which the plaintiff complains. We shall not relate the details of the various occasions when the plaintiff claims the defendant was guilty of cruel and inhuman treatment. Suffice it to say the wife claims the defendant struck her many times and likewise used profane language in her presence and that of the children.

The defendant contends the plaintiff's testimony of cruel and inhuman treatment was not corroborated. The situation which culminated in the bringing of the present action was a claimed attack on the plaintiff by the defendant on October 10, 1955. She testified he struck her at that time. For several weeks prior to this claimed assault she had been employed in Nashua. The incident which brought about this claimed attack was her attendance at a dance with the man and wife who employed her. This lady testified when the plaintiff came to work that day she had finger marks on her face. We believe this testimony, although not corroborative might be considered by the court, along with evidence which has been corroborated, on the question whether a divorce should be granted.

The eleven-year-old daughter of the parties testified that on several occasions her father had struck her mother. This testimony also corroborates the claim of the plaintiff.

██ ██ I. As previously noted plaintiff contends the cruelty of her husband had continued for some time. Certain of the acts are corroborated. It is not necessary that every act and detail of a claim of inhuman treatment be corroborated. Levis v. Levis, 243 Iowa 574, 580, 52 N.W.2d 509; Klepper v. Klepper, 234 Iowa 1138, 1142, 15 N.W.2d 213; Littleton v. Littleton, 233 Iowa 1020, 10 N.W.2d 57. This is often impossible to do. However, if a general course of action is shown and, in part corroborated, this is sufficient to justify the granting of a decree of divorce. In addition to the facts shown there were the previous absences from the home by the plaintiff which although they are not of a corroborative nature are circumstances which might be considered by the trial court. There is a further fact which has a bearing on the claim the plaintiff was the victim of cruel and inhuman treatment by the defendant. During the evening of October 10, 1955, the defendant came to the place where the plaintiff was employed. Although there is no evidence the defendant in any way attacked the plaintiff there is testimony of a physician and the owner of the establishment the plaintiff at that time had a fainting spell or suffered a nervous collapse. We consider there has been sufficient corroborative evidence to meet the requirements of the statute. Section 598.7, 1954 Code.

██ II. Inhuman treatment such as to justify a decree of divorce must be of a nature as to endanger the life of the complaining party. Section 598.8(5), 1954 Code. The effect of inhuman treatment to the extent of impairment of health may endanger life. Fisher v. Fisher, 243 Iowa 823, 826, 53 N.W.2d 762. The fact of the plaintiff's collapse when the defendant came to the place of her employment following the claimed attack indicates the effect of the alleged conduct of the defendant. It disclosed the resulting nervous condition of the plaintiff. The doctor who was called to treat her testified she was emotionally upset and if this condition continued for a long period her health would be permanently impaired. We have held mental worry caused by various acts and statements may be shown to have adversely affected the health of a spouse. Wilson v. Wilson, 246 Iowa 792, 796, 68 N.W.2d 904. And likewise if one is so treated as to injuriously affect one's nervous system to the extent the health

of the individual would be permanently impaired this fact would be grounds for divorce. It is our conclusion the evidence justifies our holding the defendant's treatment of the plaintiff had been of such a cruel and inhuman nature as to endanger her life.

III. There is admitted evidence of a resumption of the marriage relation on one occasion following the commencement of this action. This act of condonation is not pleaded as a defense. Evidence of this nature even though not pleaded may be considered in connection with the claim of mistreatment and as to the extent of the serious nature of the complaint. Cooper v. Cooper, 243 Iowa 561, 565, 52 N.W.2d 517. We have heretofore commented on the effect of condonation in relation to consideration of cruel and inhuman treatment. Condonation, to be effective, contemplates an intent and understanding to "forgive and forget." Duwe v. Duwe, 246 Iowa 1336, 1344, 72 N.W.2d 501. Although we are to consider the resumption of the marriage relationship as it bears on the effect of the claimed inhuman treatment we do not believe in the present case there was a condonation of past acts of the defendant.

In 17 Am. Jur., Divorce and Separation, section 210, page 257, it is stated: "On the other hand, the mere fact that a reconciliation is considered and the parties enter into negotiations looking to its consummation, even though accompanied with occasional acts of sexual intercourse, does not constitute condonation, where the wife does not actually return to her guilty husband." See also annotations, 14 A. L. R. 938, 98 A. L. R. 1357.

Under all the circumstances, and after a thorough consideration of the record, we are satisfied the trial court was justified in granting a decree of divorce.—Affirmed.

All JUSTICES concur.