MILDRED M. MOFFETT, appellee, v. JERRY W. MOFFETT, appellant.

No. 49655.

(Reported in 94 N.W.2d 778)

FEBRUARY 10, 1959.
REHEARING DENIED APRIL 8, 1959.

Eskil C. Carlson, of Des Moines, for appellant.

H. M. Coggeshall, of Des Moines, for appellee.

THORNTON, J.—This is a divorce action on the grounds of such inhuman treatment as to endanger the life of the wife. The trial court granted plaintiff-wife a divorce and the husband appeals.

Plaintiff was 21 and defendant 22 years old at the time of trial June 16, 1958. They were first married in 1956, divorced after two or three weeks of marriage. A month and a half later, November 6, 1956, remarried. They evidently lived happily until September of 1957. The wife left home and started this divorce action October 2, 1957.

The strongest case for plaintiff is as follows: She states he "spanked" her twice in bed. The spankings were applied where spankings are ordinarily applied. They evidently took place in early September 1957. She claims he slapped her once in August. He admits at least one spanking. She says, "I resisted and struggled. Well, he got me spanked but I scratched him." She gave no provocation for this. He says there was an argument. She testifies the spankings made her nervous and run-down, she cried at work and at home, she was so upset she had to be sent home from work one day. A 19-year-old cousin, employed at the same place, states plaintiff was in a state of mental shock, cried easily because of her husband and had to be sent home from work one day. How close in time this was to the spankings is not shown. Her parents both testify she was nervous, cried easily and had a haggard look in the summer of 1957. It is not shown whether this was before or after the spankings. There is evidence defendant was drunk three times in three weeks. However, plaintiff testifies, "I am not getting a divorce because he drank but because he spanked me. It was making me a nervous wreck." Defendant made some remarks to the effect he had a right to punish his wife if she needed it. This theory is not generally subscribed to openly. However, at the trial defendant admitted he was wrong.

When plaintiff started this action she alleged no children were born to plaintiff and defendant. On November 30 she amended her petition to show she was expecting and that the doctor advised her the baby would be born about June 10, 1958.

The baby was actually born May 29. Defendant was unaware of his wife's pregnancy until the amendment. He suggests that perhaps the pregnancy is the reason she was upset and nervous.

Plaintiff has not favored us with a single citation of authority to sustain the decree.

█ In Renze v. Renze, 247 Iowa 25, 30, 72 N.W.2d 490, 493, is the following apt statement: "* * * There must be something 'cruel and inhuman', something needless and beyond the ordinary arguments and quarrels of married life, something which the ordinary experience of men or some substantial evidence tells us will endanger life, before a divorce may be granted under the statute. Even though we were to give plaintiff's evidence full credit for veracity, we would yet be unable to say there was reason to apprehend danger to her life. Perhaps the defendant was not thoughtful, perhaps he was selfish, perhaps his language was coarse, perhaps he was not the ideal of a loving husband he might have been. We do not say those things are true, but state them so arguendo only. We also note plaintiff's evidence that she became nervous and lost weight; but we find nothing in the record of defendant's conduct which in the ordinary course of events would be expected to cause these afflictions. Plaintiff testifies that she consulted a physician, but there is no medical testimony concerning her condition or its cause."

See also White v. White, 200 Iowa 779, 205 N.W. 305; Gemricher v. Gemricher, 230 Iowa 1212, 300 N.W. 517; Miller v. Miller, 249 Iowa 725, 88 N.W.2d 816.

█ Certainly there is nothing in this case that in the ordinary experience of men tells us will endanger life. In fact, experience is to the contrary. Two spankings applied to the place where they are ordinarily applied might, under this record, be cruel, but certainly not "cruel and inhuman." Outside of the two spankings and one slap, plaintiff does not complain in her testimony. Giving plaintiff's case the strongest possible interpretation in her favor, there is not sufficient evidence to fulfill our statutory requirement of such inhuman treatment as to endanger life. Therefore, this case must be and is hereby reversed, and plaintiff's petition, as amended, dismissed.— Reversed.

All Justices concur.