JACQUELINE B. JEWETT, appellant, v. GERALD A. JEWETT, appellee.

No. 50259.

(Reported in 109 N.W.2d 36)

884

MAY 2, 1961.

Dickinson, Throckmorton, Parker, Mannheimer & Raife, of Des Moines, for appellant.

Hansen, Wheatcraft & Galvin and Lorna L. Williams, all of Des Moines, for appellee.

HAYS, J.—Plaintiff and defendant were married in 1950 and are the parents of two daughters age 7 and 5 at the time of the trial. Dating back about five years marital rifts began to arise between them which appear to have increased as time went by and have finally culminated in this action for a divorce.

Plaintiff's petition alleges defendant has been guilty of inhuman treatment such as to endanger her life and asks that she be granted a divorce and the custody of the two children. Defendant by answer denies such allegations and by counterclaim asks that he be granted a divorce, based upon the same ground alleged in plaintiff's petition, such request is however conditioned upon the custody of the children being awarded to him. After a lengthy hearing, the trial court dismissed both the petition and the counterclaim. In its findings of fact and conclusions of law, incorporated into the decree by reference, the court found each party had shown the other to be guilty of inhuman treatment such as to endanger life, and, invoking the doctrine of recrimination, denied each relief. The trial court also held defendant's prayer for a divorce was not absolute, but rather conditioned upon custody of the children being awarded to him, thus praying for a remedy which it would not contemplate. Only the plaintiff has appealed.

I. At the outset, appellant contends that her appeal is a limited one and in argument states:

"Plaintiff-appellant, having limited the appeal to the question of her own cruelty and its effect on the health and life of defendant-appellee, the findings of the trial court concerning defendant's cruelty and the conduct which the trial court held would entitle her to a divorce, assuming her own innocence are res adjudicata."

We are unable to go along with such theory.

The notice of appeal is as follows: "* * * plaintiff hereby appeals to the Supreme Court of Iowa from the decree and judgment entered herein on January 18, 1960, and all rulings and orders inhering therein adverse to the plaintiff, and from the denial of plaintiff's motion to reconsider."

There is nothing in this notice of appeal that in any way limits its effect as contended for by appellant. While the decree by reference incorporates therein the basis for dismissing the petition, it is the dismissal that is appealed from and not the reasons assigned. The rule is well established that a judgment or decree will be affirmed if correct in itself, notwithstanding the reasons assigned for it in the court below may have been erroneous. Jamison v. Perry, 38 Iowa 14; McKay v. Ruffcorn, 247 Iowa 195, 73 N.W.2d 78. This being an equity action, it is triable de novo in this court and it is our duty to find the facts. Wilcox v. Pinney, 250 Iowa 1378, 98 N.W.2d 720.

While this appeal is limited in the sense that appellee, not having appealed, cannot receive a more favorable ruling than he received at the hands of the trial court, he may call this court's attention to errors complained of and argue them on appellant's appeal without taking a cross-appeal. Shaw v. Addison, 236 Iowa 720, 18 N.W.2d 796; Sheridan Rural Ind. Sch. Dist. v. Guernsey Consol. Sch. Dist., 251 Iowa 460, 100 N.W.2d 418. Thus, while the findings of the trial court are carefully considered by this court they are not conclusive and binding upon us. The entire record is here and it is upon that, that our ultimate decision must rest. Lawrence v. Tschirgi, 244 Iowa 386, 57 N.W.2d 46; White v. White, 251 Iowa 440, 101 N.W.2d 18.

II. As above stated, plaintiff has appealed and is asking that this court grant her a divorce. It is her burden to estab-

lish by a preponderance of the evidence that defendant's conduct toward her constitutes such inhuman treatment as to endanger her life.

Section 598.8(5), Code of 1958, provides: "Divorces from the bonds of matrimony may be decreed against the husband for the following causes: * * * (5) when he is guilty of such inhuman treatment as to endanger the life of his wife."

In construing this statute we have held it embraces two factors, both of which must be established if a divorce is to be obtained: (1) Inhuman treatment and (2) such treatment endangered her life. Record v. Record, 244 Iowa 743, 57 N.W.2d 911; Miller v. Miller, 249 Iowa 725, 88 N.W.2d 816; Moffett v. Moffett, 250 Iowa 756, 94 N.W.2d 778.

 III. The record in this case is lengthy containing six hundred pages. It is replete with charges and countercharges covering a period of some five or six years of their married life. Some incidents are corroborated, many are not. There is testimony from each party as to physical violence upon the part of the other, but this appears to be rather inconsequential and is so viewed by each party. The bulk of the testimony is centered around their respective conduct with members of the opposite sex and in the use of intoxicating liquors. The record shows without question that daily consumption of liquor is the rule rather than the exception. While one witness states that they are social drinkers, it would seem that from the amount of liquor each consumed, and more especially the appellant, is to give to that term "social drinkers" an extremely broad definition. There is, however, little testimony in the record as to either being intoxicated, using that term, no doubt, in a very liberal manner.

As to the alleged misconduct of each in their relations with members of the opposite sex, while neither is free from the finger of suspicion, that finger points, perhaps, more pointedly toward appellant. Though we might set out in detail many of the incidents appearing in the record, we fail to see wherein they would be helpful. Suffice to say, this conduct does, at least, show gross indiscretion, although only by innuendo does there appear to be any immoral conduct. As a result of these indiscretions various arguments would start between them at which

time accusations were hurled at each other. While much of this drinking and indiscretion appears to be the accepted conduct within the social group with which these parties have aligned themselves, we are unable to place a stamp of approval thereon, and take the liberty of stating that such is not conducive to a happy married life, nor is it providing a happy and healthful home in which to rear the two minor children, for whom both parties appear to have strong affection and which is returned by the children.

Assuming, but not specifically holding, that appellee's conduct toward his wife constitutes inhuman treatment, appellant must further show that her life has been endangered thereby. She states she became nervous, was unable to sleep and was frequently ill. Nowhere in the record do we find any direct statement by appellant that her life was endangered. The nearest to such statement is as follows:

"Q. And in your petition for a divorce you allege that your health has been impaired and your life endangered; is that correct? A. Yes. Q. Is it your contention that whatever defect there was in your condition was the result of the treatment of your husband? A. I know I was very nervous and have lost weight because of this, yes."

It further appears in the record that appellant consulted one or more physicians about her health. No medical testimony is found in the record and when she was asked by defendant's counsel if she would permit them to call her physician as a witness, she refused such request. Renze v. Renze, 247 Iowa 25, 30, 31, 72 N.W.2d 490, 493, is in this respect very similar. At pages 30, 31, we said:

"We also note plaintiff's evidence that she became nervous and lost weight; but we find nothing in the record of defendant's conduct which in the ordinary course of events would be expected to cause these afflictions. Plaintiff testifies that she consulted a physician, but there is no medical testimony concerning her condition or its cause. We agree with the trial court that plaintiff failed to prove the essential allegations of her petition."

Neither in appellant's actions and conduct, nor in her tes-

timony, do we find any substantial proof that her life was, or that she thought it was, endangered.

While the doctrine of recrimination is not applicable here, the decision of the trial court in denying appellant a divorce is correct.—Affirmed.

All JUSTICES concur.