CARRIE L. ELLIOTT, appellant, v. REX E. ELLIOTT, appellee.

No. 52225.

JANUARY 10, 1967.

L. M. Hullinger, Margaret L. Beckley and J. C. Beckley, all of Cedar Rapids, for appellant.

Fisher & Pickens, of Cedar Rapids, for appellee.

MOORE, J.—Plaintiff and defendant were married September 19, 1952, and lived together in Cedar Rapids until January 22, 1965, when plaintiff filed her petition for divorce on the ground of "such inhuman treatment as to endanger her life." Defendant's answer denied the allegation and by counterclaim asked he be granted a divorce based on the same ground. Following trial, the district court on July 22, 1965, filed findings

of fact, conclusions of law and its order dismissing both the petition and counterclaim. The trial court after carefully reviewing the evidence held neither party had met the burden of proving treatment such as endangered life. Only plaintiff has appealed.

Plaintiff asserts the trial court erred in failing to find her entitled to a divorce and in giving consideration to the law of condonation which was not pleaded. She asks us to order a divorce, a fair property settlement and alimony. We agree with the trial court.

Plaintiff, 49, and defendant, 51, at trial time, lived together at 630 19th Avenue S.W. in Cedar Rapids for almost 13 years until defendant was restrained from the premises by an ex parte order. This home was purchased and fully paid for through the efforts of both parties. Plaintiff worked in a packing plant during the first five years of the marriage and again for several months in 1964. Defendant during the entire marriage worked at a packing plant. In 1964 he earned $7153.63. Their personal property was debt free. They owned a full complement of household goods, including three television sets, a hi-fi record player, a polaroid camera, boat, fishing gear, hunting equipment, garden tools, lawn furniture, hand and power tools and a 1958 Volkswagen.

Contrary to many parties in divorce cases they had no real financial problems. They had $750 in government bonds, $950 in a credit union, $500 in a dime bank and several other small funds.

Neither drank to excess and indeed could have had a happy marriage but for their bickering, quarreling and lack of consideration for each other. Each had prior marriage and divorce experience and should have realized a storybook romance is seldom to be found.

Plaintiff's evidence was that defendant throughout their marriage nagged her, was extremely jealous, gave her no privileges, little money and that he struck her on Christmas Eve 1964 and on prior occasions. She was unable to give dates or specific instances of other physical abuse.

The Christmas Eve altercation occurred when defendant

returned home from his day's work and found plaintiff had not prepared the evening meal. He prepared it, they ate and then defendant took a nap. On rising he found the dishes were not washed and made some comment regarding plaintiff's failing to do them. This led to another of their many verbal battles. It went further than usual. When plaintiff rushed at defendant he struck her on the shoulder or side of the face with a stove burner part which he was drying. He admitted losing his temper and striking her on this occasion but denied any prior physical abuse.

They continued to live in the house, ate their meals together, watched television, had sexual intercourse and without complaint appellant performed her wifely duties until January 22, 1965, when she withdrew $950 from the credit union, took the dime bank, the government bonds and started this divorce case.

Plaintiff claimed defendant's treatment of her endangered her health. Early in the marriage she was in a hospital with emotional problems and had returned about two years before the separation. She stated she had arthritis in her back and trouble with her legs. No doctor was called as a witness. Evidence, clearly hearsay in nature and timely objected to, was offered to show what the doctor had said.

The evidence showed without dispute much worry was caused by the felonious conduct of plaintiff's son by a prior marriage. He had been in penal institutions and after being shot by a policeman was awaiting trial on another charge in January 1965. The trial court found this had upset her and made her nervous. This is understandable and no doubt caused her to be irritable.

Defendant presented evidence plaintiff used profane, dirty and blasphemous language, nagged and attempted to strike him. On one occasion she threw hot coffee at him. One witness testified he saw her strike defendant in 1956 or 1957. Defendant's evidence was that her treatment made him nervous and he had lost weight. He presented no doctor witness.

The burden was upon plaintiff to substantiate her claim of cruel and inhuman treatment such as to endanger her life.

Murray v. Murray, 244 Iowa 548, 550, 57 N.W.2d 234, 236; Record v. Record, 244 Iowa 743, 749, 57 N.W.2d 911, 914; Clough v. Clough, 248 Iowa 1090, 1092, 84 N.W.2d 16, 17. See also rule 344(f) (5), Rules of Civil Procedure.

■ Divorce under our law is strictly statutory. Record v. Record, supra, page 746 of 244 Iowa, page 912 of 57 N.W.2d, and cases cited. Of course the inhuman treatment that is cause for divorce must endanger life. Code section 598.8(5) so provides and we have so held many times. See for example Fisher v. Fisher, 243 Iowa 823, 826, 53 N.W.2d 762, 764; Moffett v. Moffett, 250 Iowa 756, 758, 94 N.W.2d 778, 779; Jewett v. Jewett, 252 Iowa 883, 885, 886, 109 N.W.2d 36, 38; Kleinendorst v. Kleinendorst, 253 Iowa 1024, 1027, 115 N.W.2d 155, 157; Jones v. Jones, 255 Iowa 103, 106, 121 N.W.2d 668, 670; Howe v. Howe, 255 Iowa 280, 282, 122 N.W.2d 348, 349.

■ In determining whether plaintiff's life was endangered by defendant's conduct, it is necessary to consider the entire record of their married life and not separate incidents. Howe v. Howe, supra, 255 Iowa 280, 285, 122 N.W.2d 348, 351; Hancock v. Hancock, 257 Iowa 119, 122, 131 N.W.2d 757, 759; Smith v. Smith, 258 Iowa 557, 561, 139 N.W.2d 453, 456.

■ Incompatibility or mere family quarrels or arguments even when accompanied by minor physical applications are not grounds for divorce under the statute. Renze v. Renze, 247 Iowa 25, 72 N.W.2d 490 (elbow jabbing); Moffett v. Moffett, 250 Iowa 756, 94 N.W.2d 778 (spanking); Baker v. Baker, 252 Iowa 1161, 110 N.W.2d 236 (striking and punching); Jones v. Jones, 255 Iowa 103, 121 N.W.2d 668 (one slapping and throat grabbing). In each of these cases as here, plaintiff claimed defendant's conduct had made her nervous but there was a failure to show plaintiff was of such a sensitive nature that these acts endangered her life.

■ Our review here is de novo but much depends upon the credibility of witnesses, their attitude and demeanor and therefore we give considerable weight to the fact findings of the trial court but are not bound by them. Cimijotti v. Cimijotti, 255 Iowa 77, 79, 121 N.W.2d 537, 538; Jones v. Jones, supra, 255 Iowa 103, 106, 121 N.W.2d 668, 670; Britven v. Britven, 259

Iowa 650, 652, 145 N.W.2d 450, 451; Bullocks v. Bullocks, 259 Iowa 496, 498, 144 N.W.2d 924, 926.

■ There is nothing in the record to support plaintiff's argument the trial court misconceived the law upon the question of condonation. The trial court held even though condonation is not pleaded, circumstances tending to show it may be considered as bearing upon the issue of inhuman treatment endangering life. This is a well recognized rule. Weatherill v. Weatherill, 238 Iowa 169, 185, 186, 25 N.W.2d 336, 345; Walker v. Walker, 239 Iowa 1055, 1056, 33 N.W.2d 413, 414; Cooper v. Cooper, 243 Iowa 561, 565, 52 N.W.2d 517, 519; Carpenter v. Carpenter, 248 Iowa 202, 206, 80 N.W.2d 323, 326; Bouska v. Bouska, 249 Iowa 281, 285, 86 N.W.2d 884, 886.

■ Plaintiff's motion for allowance of transcript and printing costs and for temporary alimony was filed less than a month before submission of this appeal. We ordered it submitted with the appeal. Her motion for allowance of these items is denied. She had taken the savings of the parties and was working part time.

■ Our review leads us to agree with the trial court. Plaintiff's proof fails to meet the requirements of Code section 598.8(5).

We feel a little patience, a spirit of forgiveness and a measure of tolerance for the frailties of human nature will do much for these parties. We suggest they count their many blessings and urge them to make another effort to understand and sympathize with each other's problems.

The trial court's judgment is affirmed.—Affirmed.

All JUSTICES concur except STUART, J., who takes no part.