**Barbara J. BITNER, Appellee,**

**v.**

**LaVone D. BITNER, Appellant.**

**No. 53936.**

Supreme Court of Iowa.

April 7, 1970.

Life, Davis & Life, Oskaloosa, for appellant.

Samuel O. Erhardt, Ottumwa, for appellee.

LARSON, Justice.

Plaintiff Barbara J. Bitner, age 32, and defendant, LaVone D. Bitner, age 33, were married October 24, 1953 and lived together as husband and wife until on or about September 10, 1968. Two children were born as the issue of this marriage, a daughter Terry Lynn, and a son Randy Dale, who were 10 and 6 years old at the time of the action.

Plaintiff and defendant have experienced considerable difficulties during their 15 years of marriage. Three previous divorce actions were instituted by the parties, the first by plaintiff three years after mar-

riage, the second by defendant in 1957, and the third by plaintiff in 1959. All of these had been abandoned prior to trial. The present action alleging cruel and inhuman treatment was filed on September 24, 1968 in Wapello County, Iowa. Plaintiff is a resident of Ottumwa, Iowa, and defendant a resident of Fairfax, Linn County, Iowa.

Following trial, the district court on May 2, 1969 filed findings of fact and conclusions of law, and on May 16, 1969 entered its order granting plaintiff's petition for divorce. The decree provided that custody of the two minor children would continue with their mother, with visitation rights spelled out for the father. The decree provided that the defendant pay the sum of $15.00 per week per child for support. It further set out the division of the parties' property and awarded court costs to plaintiff and $300.00 attorney fees to her attorney. Defendant appeals. We affirm.

Defendant relies upon two propositions for reversal: (1) that the court erred in finding by a preponderance of the evidence that defendant was guilty of cruel and inhuman treatment of plaintiff; (2) that the court erred in finding by a preponderance of the evidence that plaintiff's life was endangered by cruel and inhuman treatment of her by defendant.

■ I. This cause being in equity, our review is de novo. Precedents are of little aid, each case being determinable upon the factual situation peculiar to it alone. Rule 334, R.C.P.; Pardie v. Pardie, Iowa, 158 N.W.2d 641, 643; Lessenger v. Lessenger, Iowa, 156 N.W.2d 845, 846; Fritz v. Fritz, 260 Iowa 409, 414, 148 N.W.2d 392, 395; Burlingame v. Burlingame, 260 Iowa 18, 20, 148 N.W.2d 493, 494.

■■ Divorce under Iowa law is strictly statutory. Under section 598.8(5) of the 1966 Code two elements must be proven, (1) inhuman treatment and (2) danger to life. In cases of this nature the burden is upon plaintiff to substantiate the claim of cruel and inhuman treatment such as to

endanger her life. Elliott v. Elliott, 259 Iowa 1286, 1289, 1290, 147 N.W.2d 907, 909; Clough v. Clough, 248 Iowa 1090, 1092, 84 N.W.2d 16, 17.

■■ It is well established that in determining whether plaintiff's life was endangered by defendant's misconduct, we do not concern ourselves with separate incidents alone, but consider the entire record of their married life. Pardie v. Pardie, supra; Elliott v. Elliott, supra. Although our review is de novo, in cases such as this where much depends upon the credibility of the witnesses, their attitude and demeanor, we give considerable weight to the fact findings of the trial court but are not bound by them. Rule 344(f) (7), R.C.P.; Burlingame v. Burlingame, supra, 260 Iowa 18, 21, 148 N.W.2d 493, 494; Britven v. Britven, 259 Iowa 650, 652, 145 N.W.2d 450, 451, and citations.

■ Although neglect and physical abuse alone may be insufficient to justify a decree of divorce, when connected with mental cruelty which results in a detrimental effect upon a spouse's health and life, it may justify the marital dissolution. Lehmkuhl v. Lehmkuhl, 259 Iowa 686, 145 N.W.2d 456; Lovett v. Lovett, Iowa, 164 N.W.2d 793.

■ False charges of conjugal misconduct, such as infidelity, may constitute cruel and inhuman treatment. Hand v. Hand, 257 Iowa 643, 133 N.W.2d 63; Howe v. Howe, 255 Iowa 280, 284, 122 N.W.2d 348, 350.

■ As has been pointed out, the married life of these parties has been stormy. Except for the first couple of years, they have gone through numerous and extended periods of difficulty. Admittedly, incompatibility or mere family arguments or quarrels, even if accompanied by minor physical manifestations, are not grounds for divorce under our section of the Code pertaining to cruel and inhuman treatment. Kayser v. Kayser, Iowa, 164 N.W.2d 95,

101; Young v. Young, 260 Iowa 1018, 1020, 151 N.W.2d 340, 341; Jones v. Jones, 255 Iowa 103, 108, 121 N.W.2d 668, 671. A careful review of this record discloses that defendant's conduct was out of the ordinary course of marital difficulties.

■ II. At the outset it appears that defendant has worked hard to advance himself. After a little over three years in the Air Force he was honorably discharged and returned to Ottumwa, the home town of both him and his wife. Defendant was working in Ottumwa when via a series of examinations he established his eligibility to receive training and was certified by the F.A.A. in many fields of aviation. Upon completion of his training in Oklahoma City and Omaha he was assigned to the federal airport in Cedar Rapids, where he has been employed since 1963. His current take-home pay is $254.11 every two weeks. He has not failed as a provider, but seems to have overlooked the obligations of a good husband and father.

In these proceedings it was established that defendant drinks quite heavily and frequents taverns as often as five nights a week. Over a three-year period from 1965 to 1968 he had cashed over $1,400 of small checks in various taverns. True, plaintiff's action is based on cruel and inhuman treatment and not on habitual drunkenness, but it appears his drinking habits adversely affected his conduct toward his wife and children resulting in long absences from their home during his free hours and an unreasonable neglect of his family obligations.

Defendant faults plaintiff by claiming improper behavior on her part, but at best the evidence discloses only that plaintiff's conduct may have been suspicious on occasion. Defendant produced no witnesses to testify that they ever observed any improper conduct on the part of plaintiff. On the other hand, plaintiff claims that these repeated unfounded accusations of infidelity, along with other abuses, constitute "inhuman treatment." We must agree.

Plaintiff's evidence, which was corroborated by her aunt, revealed that on one occasion defendant struck plaintiff and pulled her from the aunt's car and beat her. On another occasion she testified he became angry and knocked her into the refrigerator. At another time he locked his wife and young daughter out of their home on a cold evening and let them in only after plaintiff had the deputy marshal intervene.

Numerous times she had to call or go to taverns in an effort to get her husband to come home. On these occasions he would become abusive and frequently refuse to go home.

There was substantial corroborated evidence that plaintiff's health was affected by defendant's abuse. Her back was injured when he knocked her over a recliner. She cried often, lost weight, and became very nervous as a result of defendant's acts, charges, and neglect.

III. We are satisfied that by a preponderance of the evidence plaintiff has shown that defendant was guilty of cruel and inhuman treatment and that it was of such a nature as to endanger the life and health of plaintiff and and entitle her to a decree of divorce. On this issue the trial court's judgment must be affirmed.

■ IV. No complaint is made as to the trial court's award of child support, custody provisions or property division, and we do not find them inequitable. However, plaintiff's attorney asked additional attorney fees for services connected with this appeal. We find the sum of $500.00 should be awarded him therefor, and it is so ordered.

Affirmed.

All Justices concur.