Lynn G. YANTISS, Appellee,

v.

Katherine F. YANTISS, Appellant,

No. 55782.

Supreme Court of Iowa.

July 3, 1973.

Phillip S. Dandos of McQueen & Dandos, Sioux City, for appellant.

James P. Irish, Altoona and Davis, Jacobs & Gaul, Sioux City, for appellee.

Heard by MOORE, C. J. and MASON, REES, REYNOLDSON and HARRIS, JJ.

REES, Justice.

Plaintiff-husband sought a divorce alleging the grounds provided in section 598.-8(5), The Code, 1966. Defendant answered, admitting the marriage relationship but denying the existence of the grounds set forth in plaintiff's petition. Following trial, plaintiff was granted a divorce, the decree providing for the division of property and allowances by way of alimony to defendant-wife. Defendant appeals, asserting trial court erred in finding defendant was guilty of such cruel and inhuman treatment as to endanger plaintiff's life, and that trial court erred in finding there was sufficient corroboration of the grounds for divorce. We affirm.

At the time of the entry of the decree on March 12, 1970, plaintiff was 49 years of age, and defendant aged 53. They met when both were patients at a veterans hospital in Chicago, and were married soon thereafter on August 15, 1950. Plaintiff was then a voice teacher at Colby, Kansas. Defendant is a registered nurse and served in the Army Nurse Corps, attaining the rank of captain. At the time of the divorce she was employed as a nurses' aide in a Sioux City hospital.

Plaintiff is afflicted with multiple sclerosis and has been a wheelchair invalid since 1960. He has been unable to work since 1952 or 1953, and at the time of trial he was receiving $825 a month disability pension from the United States government. Defendant was at that time receiving $96 per month by way of disability pension. Shortly after the marriage of the parties, plaintiff found himself physically incapacitated and unable to continue in the work of teaching, and the parties then

bought a small farm or acreage near Sioux City. They engaged in the feeding of cattle to a limited extent, but defendant was required to do some of the physical labor because of plaintiff's incapacity. In 1959 plaintiff broke his hip and was in the hospital, and the parties then left the farm in December of that year and built a house in Sioux City. They occupied the Sioux City dwelling until the end of 1968 when plaintiff entered the Veterans Administration Hospital at Des Moines where he has since been hospitalized, or at least, was hospitalized in said facility up to the time of trial. Defendant continued to occupy the dwelling.

The record indicates the marital relationship of the parties deteriorated as plaintiff's physical condition worsened. He testified he needed constant help in his condition, and further testified that he was subjected to abusive treatment by defendant who cursed and reviled him almost daily. Defendant admitted that she "cussed him very seldom, never more than once a week", but claimed that she herself had been subjected to such treatment on the part of plaintiff, stating. "my husband cussed me about four or five times a week". Plaintiff unequivocally denied ever having used abusive or profane language toward defendant.

A further indication of the breakdown of the relationship between the parties is evidenced by the fact that defendant made no visits to plaintiff at Veterans Hospital since November of 1968, irrespective of the fact that she was receiving plaintiff's disability allowance checks and was adequately able to afford the visits.

I. In her first proposition upon which she relies for reversal, defendant asserts trial court erred in finding defendant was guilty of such cruel and inhuman treatment as to endanger plaintiff's life.

One element is important in this case, and that is the fact plaintiff is afflicted with an incurable illness, and is in a virtually helpless condition. Doubtless because of his physical condition, defendant's actions toward him affected him to a greater extent than they would have affected a strong and normal person. We have held the illness or fraility of a plaintiff may be taken into consideration in arriving at the answer as to whether or not inhuman treatment is present. Brown v. Brown, 248 Iowa 802, 808, 82 N.W.2d 661, 665; Inman v. Inman, 196 Iowa 845, 849, 195 N.W. 583, 585; Massie v. Massie, 202 Iowa 1311, 1312, 210 N.W. 431, 432.

In Beno v. Beno, 260 Iowa 442, 149 N.W.2d 778, 780, this court said:

"A long continued regular and persistent course of faultfinding, criticism and belittling, on the part of one spouse, may amount to cruel and inhuman treatment and where there is also a persuasive showing that such conduct has affected the health, physical or mental, and to some extent has thereby endangered the life of the spouse, a sufficient cause has been made to justify a divorce."

Trial court found there was adequate showing of cruel and inhuman treatment on part of defendant to endanger plaintiff's health, and consequently his life. We agree.

II. In her second proposition, defendant contends trial court erred in finding there was sufficient corroboration of plaintiff's grounds for divorce.

We have held corroboration may be supplied by direct or circumstantial evidence, or by the testimony of the other spouse, or by his or her elusiveness or failure to deny the evidence presented by plaintiff. See Schantz v. Schantz, 163 N.W.2d 398, 403 (Iowa 1968); Wignall v. Wignall, 161 N.W.2d 791, 796–7 (Iowa 1968); and Beno v. Beno, *supra*, at 782 of 149 N.W.2d.

In Carpenter v. Carpenter, 248 Iowa 202, 80 N.W.2d 323, at 325, this court said, .

"It is not necessary that every act and detail of a claim of inhuman treatment

be corroborated. (citations) This is often impossible to do. However, if a general course of action is shown and, in part corroborated, this is sufficient to justify the granting of a decree of divorce."

The purpose of the statute requiring corroboration was to prevent collusion between the parties. The evidence in the record before us satisfies us there was no such collusion between the parties here. The corroboration was not strong in this case, but we feel it was sufficient. See Lehmkuhl v. Lehmkuhl, 259 Iowa 686, 145 N.W.2d 456, 462.

We are satisfied the record establishes adequate proof of cruel and inhuman treatment, and that the evidence thereof was adequately corroborated.

We find no error, and affirm the trial court.

Affirmed.