DOROTHY J. FOSTER, Appellant, v. J. R. RICE, ET AL., and the MASON CITY & FT. DODGE RAILWAY CO.

**Homesteads:** CONTINUATION OF RIGHT: EVIDENCE. Where a home-
1  stead was sold on foreclosure, and under a prior agreement a sheriff's deed was executed to be held by the grantee as security for the redemption of the property by the mortgagor, the equitable title thus acquired did not create a new homestead right but a continuation of the original right, and the property was exempt from debts contracted subsequently to its original acquisition; and parol evidence was admissible to show such agreement.

**Homesteads:** EXTENT OF SAME. The platting of a homestead for the
2  purposes of partition and taxation does not bring it within the statutory provision limiting a homestead within a city or town plat to one half an acre, although the same may be situated within the corporate limits.

*Appeal from Pottawattamie District Court.*— HON. W. R. GREEN, Judge.

SATURDAY, DECEMBER 17, 1904.

ACTION in equity to subject certain real property to the payment of a judgment. The property was at one time the homestead of defendants J. R. and Jennie L. Rice, and at the time the action was brought had been sold to the defendant railroad company, which retained in its hands a sufficient amount of the purchase price to satisfy plaintiff's claim if it should be established. After a hearing on the merits, a decree was rendered dismissing plaintiff's petition, from which she appeals.—*Affirmed.*

*George W. Hewitt,* for appellant.

*Mayne & Hazelton,* for appellees *J. R.* and *J. L. Rice.*

MCCLAIN, J.— Prior to the acquisition by plaintiff of the claim against defendant J. R. Rice, on which judgment in her favor was subsequently rendered, the defendants J. R. and J. L. Rice, husband and wife, owned and occupied as a homestead the premises in controversy, consisting of about three acres of land within the limits of the city of Council Bluffs, which was used for gardening and fruit growing. In 1893 the land was mortgaged to J. P. Hess, and in 1899, in pursuance of foreclosure proceedings, it was sold to Susan Hess in satisfaction of the mortgage. Through various assignments the certificate became the property of one Baily, with whom in 1901 J. R. Rice entered into a contract by which Baily agreed to convey the premises to Rice by warranty deed upon the payment of $1,250.10, with interest, as evidenced by several notes, and on the following day a sheriff's deed was executed to Baily, the holder of the certificate. Subsequently the land was sold to the railroad company, and, as already stated, a portion of the proceeds, sufficient to satisfy plaintiff's judgment, if found to be a lien on the homestead, is in the hands of the railroad company for satisfaction of plaintiff's judgment, if the lien thereof as against the land is established. J. R. and J. L. Rice continued in possession of the premises as a homestead down to the time of the sale to the railroad company.

Appellant's claim is that the sheriff's deed to Baily extinguished the existing homestead right of the Rices, and that their occupancy from that time on, under the contract

1. HOMESTEADS: continuation of right; evidence. with Baily, was under a new homestead right, which, originating after the indebtedness to plaintiff, was subject thereto. But the facts as established do not warrant any such conclusion. It is conceded that the original homestead right in the premises continued until the execution of the sheriff's deed, for up to that time the Rices had the right to redeem. By parol evidence it is established without question that, prior to the execution of the sheriff's deed to Baily, J. R. Rice entered

into an agreement with him to allow him to take a sheriff's deed, on the condition, expressed in the written contract then entered into, that he should convey to Rice on payment of the indebtedness named. In fact, the indebtedness had been previously created, and the certificate had passed to Baily as security for this indebtedness, and the only effect of the arrangement by which he took the sheriff's deed was to substitute the deed for the certificate by way of security. At the time this arrangement was made, Rice had still the right to redeem, and we think it too plain for serious controversy that parol evidence was admissible to show this arrangement, and that the sheriff's deed in effect was a mortgage under which Baily held the legal title as security for the indebtedness of Rice to him. Rice might have redeemed if he had seen fit, and at once executed to Baily a warranty deed under such oral agreement as would render it in effect a mortgage; and we see no reason for excluding evidence which shows that the sheriff's deed, although executed directly to Baily, was executed to him under an arrangement by which he was to hold the legal title as mortgagee, subject to redemption by Rice by the payment of the indebtedness.

If the conveyance to Baily through the sheriff's deed was in effect a mortgage of the property by Rice to Baily, then Rice never lost the equitable title to the property, and continued to hold it as his homestead, not by reason of any new title acquired from Baily under the contract to convey, but in continuation of his previous homestead right. Therefore the plaintiff's claim did not antedate the acquisition of the homestead by the Rices, and plaintiff's judgment cannot be enforced against such homestead, nor the proceeds thereof in the hands of the railroad company. A homestead right may exist as to property held by an equitable title as effectually as though it were held by legal title. *Hewitt v. Rankin*, 41 Iowa, 35.

The case of *Wertz v. Merritt*, 74 Iowa, 683, is relied on for appellant in support of the claim that when Rice's title

was changed from a legal to an equitable title by the sheriff's deed to Baily, subject to the agreement to reconvey on payment of the indebtedness of Rice to Baily, the pre-existing homestead right was terminated and a new homestead right created. But the cases are not analogous. In that case the homestead had been held in a leasehold interest; afterwards the tenant acquired an undivided interest in the property as one of the heirs of the prior owner; and it is evident that there was no continuity between the right which existed in the tenant and that which accrued to the same person by inheritance. In this case, however, the title in Rice was continuous, although by the execution of the sheriff's deed to Baily, with the contemporaneous contract to convey to Rice, the title of Rice was changed from a legal to an equitable title. If the argument for appellant were sound, we should be required to hold that wherever the owner of a homestead executes a conveyance thereof, with a contemporaneous oral or written agreement which renders the conveyance in effect a mortgage, the existing homestead rights are lost and new homestead rights created. Certainly there is no warrant in any decision of this court, nor in reason, for such a conclusion.

It is contended that the Rices were entitled to hold only one-half acre exempt from execution, and that as the proceeds of sale of the entire tract would be amply sufficient to satisfy plaintiff's claim after the value of the homestead, if limited to one-half acre, were deducted, the exemption is fully satisfied, and plaintiff's claim may be enforced; but the statutory provision as to the extent of the homestead, which is now in force (Code, section 2978, as amended by Act Twenty-eighth General Assembly, page 89, chapter 119), and that which was in force when plaintiff's claim accrued ·(Code 1873, section 1996), alike limit the homestead to one-half acre only when within a city or town plat; and it appears that, while the three-acre tract in which the homestead was claimed was

2. HOMESTEADS: extent of same.

within the corporate limits of the city of Council Bluffs, it has never been within the platted portion of the city. It is true that this three acres is a portion of a larger tract which was at one time platted for the purpose of partition among heirs, and, as thus partitioned, was platted by the county auditor for the purpose of taxation; but the plat made by the auditor did not constitute such a plat as to bring it within the city or town plat. See Code, sections 914, 915, 922, 923; *Parrott v. Thiel,* 117 Iowa, 392. Therefore the homestead was not limited to one-half acre, but included the entire tract, irrespective of its value.

The judgment is *affirmed.*