On June 10, 1930, the plaintiff filed in the District Court of Dallas County, Iowa, a petition in equity praying for a divorce from the defendant. An answer in the nature of a general denial was filed and at the same time a cross-petition in which the defendant prayed "that this defendant be granted separate maintenance in the sum of two hundred dollars ($200) to be immediately paid in to the Clerk of this Court, and the sum of not less than sixty-five dollars ($65) per month to be paid on the first day of each month thereafter, together with sufficient allowance to compensate her attorneys * * * and for the costs of this action."
The court found "that the equities are with the defendant and that she should be divorced from the plaintiff." The plaintiff does not appeal. The defendant appeals.
It appears that the parties were married on or about the 22nd day of October, 1924, in Des Moines, Iowa. On the 23rd *Page 763 
day of February, 1928, plaintiff brought an action for divorce, but it was never brought to a hearing and was dismissed by the court on its own motion on the 13th day of March, 1929.
On the 7th day of February, 1930, the defendant in this case brought an action for separate maintenance against the plaintiff herein, to which there was a cross-petition and after the hearing, both the petition and the cross-petition were dismissed at the March, 1930, term of court.
The petition in the case at bar is bottomed on cruel and inhuman treatment alleged to have been practiced upon the plaintiff by the defendant. This the defendant denies.
In the cross-petition of the defendant it is alleged, among other things, that a few days after their marriage, the defendant fell into a deserted cave on the plaintiff's premises, by reason of which accident she was "rendered unconscious for a considerable length of time, seriously injuring her neck and vertebrae, from which injuries she has been an invalid since said time. That prior to the fall in said cave, she was a strong, healthy woman, capable of performing household duties. That as a result of said fall into the cave, her health was endangered and it was feared for a considerable time by her physicians, her husband and children, that she would not recover. That as a result of the fall, she is an invalid unable to use her hands, unable to walk, unable to dress herself, and has entirely lost the use of one arm and partially lost the use of the other. That she is required by reason of said fall and her physical condition to get about only by means of a wheel chair and she is advised by her physician that no doubt she will be in this condition the remainder of her life."
There follows a long recitation of alleged misconduct on the part of the plaintiff towards the defendant. As a basis for the charge of cruel and inhuman treatment towards the defendant of such character as to endanger her health and life, it is claimed, among other things, that the plaintiff has refused to furnish the defendant with necessary and proper care and medical attendance necessary to her physical condition, that he has refused to purchase clothing for the defendant to wear and that it has been necessary for her children to provide her with clothing. Parenthetically, it may be stated the defendant has grown children by a former marriage. *Page 764 
It is claimed that the plaintiff has refused to provide necessary assistance for the defendant in caring for her and assisting her in looking after her household duties. That he has refused to furnish her with necessary supplies of groceries, bedding and personal clothing.
There is contained in said cross-petition a long recital of various acts of mis-conduct on the part of the plaintiff towards the defendant, including vile, abusive and blasphemous language and threats of bodily violence.
I. It is the contention of the defendant that the court, having found the equities with the defendant, erred in granting a divorce for which there was no prayer in defendant's cross-petition and that the court should have granted the defendant separate maintenance. As was said by this court in Krotz v. Krotz, 209 Iowa 433:
"While separate maintenance may be granted for desertion although the statutory period of two years has not expired (Harlow v. Harlow, 150 Iowa 173; Russell v. Russell, 150 Iowa 137), yet it is true that, when separate maintenance is asked because of cruel and inhuman treatment by the offending spouse, the standard and degree of proof required are the same as if a divorce were asked upon said ground. Shors v. Shors, 133 Iowa 22. In other words, a wife is not entitled to separate maintenance because of cruel and inhuman treatment by her husband unless she would be entitled to a divorce on the same ground, should she ask it."
In the case at bar, the court, by granting a divorce to the defendant, must necessarily have found that the evidence on behalf of the defendant was sufficient to warrant the court in granting the defendant a divorce on the ground of cruel and inhuman treatment. The plaintiff-appellee has not appealed.
We have very carefully examined the record and we concur in the opinion of the lower court that the conduct of the plaintiff towards the defendant, as shown in the record, is sufficient to warrant the court in granting the defendant a divorce on the ground of cruel and inhuman treatment had she asked for it. The defendant neither asked for a divorce nor for general equitable relief. She asked only for separate maintenance.
We think the court erred in entering a decree of divorce. *Page 765 
Since the court found the equities in favor of the defendant, there remained but one thing to do and that was to grant her separate maintenance on her cross-petition.
As early as Lafever v. Stone, 55 Iowa 49, this court said:
"The relief granted by the judgment is different from that prayed for in the petition. In this there is error. This conclusion is based upon familiar rules of the law. We need not inquire whether the court had authority to grant the relief provided for in the judgment, had it been prayed for in the petition. As that was not done it was improperly granted."
In Schuster Bros. v. Davis Bros., 185 Iowa 143, this court, after reviewing the authority, said:
"`We have uniformly held it is error for the court to grant relief not called for by the petition, or a judgment or decree different from that prayed for.'"
See, also, Bacon v. Iowa Cent. Ry. Co., 157 Iowa 493; Martin v. Bennett L. T. Co., 181 Iowa 100; Manassa v. Garland, 200 Iowa 1129.
The question involved in this case has recently been determined by this court in the case of Davis v. Davis, 209 Iowa 1186, in which case we held that the court erred in granting a divorce when separate maintenance only was requested.
Appellee calls attention to some cases in other jurisdictions, some of which, at least, are based upon special statutes on the subject.
A careful examination of this record discloses, among other things, that this defendant is an invalid from causes arising subsequent to her marriage to the plaintiff. She needs medical attention and assistance in the home. She appears to be totally unable to care for herself or to move about to any appreciable extent except in a wheel chair. She is very nervous and shattered in general health. The plaintiff's misconduct towards her has been most reprehensible. He seems to be utterly lacking in the finer sensibilities that to a degree, at least, characterize civilization. In her weakened and invalided condition, his treatment of her endangers her life.
It would serve no good purpose to bench or bar to recite *Page 766 in extenso the story as told by the defendant, parts of which are abundantly corroborated by disinterested witnesses.
The plaintiff is strong and vigorous. He married the defendant "for better or for worse" and he should not now be permitted to cast this woman off in her helplessness and lack of means of support.
It may be assumed that because of her illness and her loneliness she is more or less irritable and perhaps somewhat supersensitive. These are additional reasons why the plaintiff should be unusually solicitous of her comforts and contentment. Her accident and consequent physical and nervous condition arose during this marriage. She cannot be blamed for her accident. While this condition is a misfortune to both plaintiff and defendant, it raises an added obligation on the plaintiff.
The defendant, upon the record, is entitled to a decree for separate maintenance. The decree of the lower court granting a divorce to the defendant is annulled.
The record is somewhat unsatisfactory on the question of the resources and income of the plaintiff. Counsel have not been very helpful in presenting this branch of the case. The whole record has been very carefully examined and we reach the conclusion the defendant should have $65.00 per month for her support as separate maintenance in accordance with the prayer of her cross-petition.
The decree filed in this case contains no provision in reference to attorneys' fees, nor is there sufficient in the record from which this court can make any intelligent finding on the subject. The matter is left open for future determination without prejudice to the rights of either party.
For the reasons hereinbefore set forth, the cause is reversed and remanded for a decree in accordance herewith. — Reversed.
ALBERT, C.J., and EVANS, MORLING, and KINDIG, JJ., concur. *Page 767