F. C. KLEINSORGE, Appellee, v. F. H. CLARK et al., Appellants.

No. 45951.

314

REHEARING DENIED SEPTEMBER 25, 1942.

Roy A. Cook, of Independence, for appellants.

Irving D. Long, of Manchester, for appellee.

GARFIELD, J.— In 1901 plaintiff became the owner of two lots in the town of Dundee, not exceeding a half acre in extent, which he and his family have occupied as their home continuously since 1904. Defendant Clark holds a judgment against plaintiff for $1,223 on an indebtedness contracted by plaintiff' in 1921. Execution issued on this judgment and defendant sheriff levied upon said property. This suit was brought to enjoin the sale under execution because the property was plaintiff's homestead and therefore exempt from judicial sale, under section 10150, Code, 1939.

The defense is that the homestead character of the property was extinguished by the issuance of a sheriff's deed on May 20, 1933, to the receiver of the Dundee Savings Bank. In this connection, it appears that in 1925 plaintiff mortgaged the premises to said bank for $2,260. The receiver of the mortgagee bank foreclosed the mortgage, the decree of foreclosure having been entered on April 4, 1932. Sheriff's deed issued to the receiver of the bank on May 20, 1933. On June 26, 1934, the receiver deeded the property to plaintiff for $1,200. Defendants contend that since the indebtedness forming the basis for the Clark judgment was contracted prior to plaintiff's deed from the receiver in 1934, the property may be sold to satisfy the judgment, under Code section 10155 (1).

Plaintiff's avoidance of the defense is that on April 1, 1933, during the year of redemption from the foreclosure sale, it was orally agreed between him and the examiner in charge for the receiver of the bank, who held the sheriff's certificate of pur-

chase, that if plaintiff would not apply for an extension of the redemption period under the statutory moratorium then in effect (House File 350, Forty-fifth General Assembly), plaintiff could redeem the premises within two years by paying $1,200. That the $1,200 was paid and the property deeded by the receiver to plaintiff on June 26, 1934. That the receiver never held the absolute legal title, but the true relationship between plaintiff and the receiver at all times was, in effect, that of mortgagor and mortgagee. That plaintiff's homestead rights have been continuous since 1904. The trial court found for plaintiff and defendants have appealed.

There is practically no dispute in the evidence. The examiner in charge of the closed Dundee Savings Bank for L. A. Andrew, state superintendent of banking, receiver thereof, was G. E. Everett. Appellee testified substantially as follows concerning his arrangement for redemption of the property:

"I had a conversation with Mr. Everett about the first of April, 1933, * * * regarding the loan on my house, and I told him I was going to make application for an extension under a new law I had heard about. He told me to try and get a new loan and they would let me have the house back for $1,200, provided I didn't make application for an extension. I told him I would have to get a mortgage on the house and he says: 'We will give you two years to raise the money,' and I told him that I would. He said I would have to pay a small amount each month *for interest and taxes.* I also had a talk with Mr. Long, who was their attorney, and told him that Everett said I could redeem it for $1,200, and I asked Mr. Long if I should have it in writing and Mr. Long said Mr. Everett's word was good, and that he would do what he said he would do, and I afterwards told Mr. Everett I would try and get a loan and put in an application to the Home Owners Loan Corporation. I secured a loan (and redeemed) from the bank with the proceeds of that loan. * * * I gave a mortgage and they deeded the property back to me. I was living in the house all this time. I paid the bank some as rent, or interest and taxes."

Everett, the examiner in charge, admitted that he told appellee he would "sell the place back to him for $1,200";

that the $1,200 was paid and the deed of June 26, 1934, was made accordingly. Everett was uncertain as to the exact time his oral arrangement with appellee was made. He testified, however, that the time "could have been" that fixed by appellee, April 1, 1933. Except for Everett's equivocal denial of the time of his conversation with appellee, there is no material dispute in the testimony.

We affirm the decision of the lower court. It is doubtless true, generally, as appellants contend, that one who parts with ownership of his homestead loses his homestead rights, even though he later reacquires the property. Ordinarily, there can be no homestead right without ownership, legal or equitable. Clark v. Chapman, 213 Iowa 737, 747, 239 N. W. 797; Jasper County v. Sparham, 125 Iowa 464, 467, 101 N. W. 134; Butler v. Nelson, 72 Iowa 732, 32 N. W. 399. But the facts of this case distinguish it from the authorities upon which appellants rely.

It has been repeatedly held in this state that a deed absolute on its face may be shown by parol to be for security only. Rance v. Gaddis, 226 Iowa 531, 543, 284 N. W. 468, and citations; Fort v. Colby, 165 Iowa 95, 144 N. W. 393; Lavalleur v. Hahn, 152 Iowa 649, 661, 132 N. W. 877, 39 L. R. A., N. S., 24.

At the time the examiner in charge agreed to give appellee two years within which to redeem upon payment of $1,200, appellee was still the legal and equitable owner, and the receiver of the bank as holder of the certificate of purchase was merely a lienholder. O'Brien v. Gerbracht, 196 Iowa 990, 993, 195 N. W. 731; Wissmath P. Co. v. Mississippi R. P. Co., 179 Iowa 1309, 1324, 162 N. W. 846, L. R. A. 1917F, 790; Dolan v. Midland Blast Furnace Co., 126 Iowa 254, 256, 100 N. W. 45.

That a titleholder with right of redemption from judicial sale may establish by parol such an agreement as appellee relies upon here is well settled in this state.

In a matter of this kind, equity looks behind the form to the substance of the transaction. If title is in fact for security, equity will so declare. McElroy v. Allfree, 131 Iowa 112, 116, 108 N. W. 116, 117 Am. St. Rep. 412, and citations; Foster v. Rice, 126 Iowa 190, 101 N. W. 771. As having some bearing, see Sweet v. Bergen, 229 Iowa 858, 295 N. W. 181; Peoples Nat.

Bk. v. Maxson, 168 Iowa 318, 150 N. W. 601; Harrington v. Foley, 108 Iowa 287, 79 N. W. 64; Dickson v. Stewart, 71 Neb. 424, 98 N. W. 1085, 115 Am. St. Rep. 596.

We think the sheriff's deed issued to the bank's receiver, under the facts of this case, was for security only; that appellee remained the equitable owner, and that his homestead right was not extinguished. The effect of the arrangement was to substitute the sheriff's deed for the certificate of purchase by way of security. The sheriff's deed amounted to an equitable mortgage. Klingensmith v. Klingensmith, 193 Iowa 350, 351, 185 N. W. 75, and citations. Appellee's equitable ownership was sufficient upon which to predicate his right of homestead. Foster v. Rice, 126 Iowa 190, 101 N. W. 771; Perry v. Adams, 179 Iowa 1215, 1223, 162 N. W. 817, and citations; Clark v. Chapman, 213 Iowa 737, 747, 239 N. W. 797.

The forbearance by appellee of his right to obtain an extension of the period of redemption under the Moratorium Act, pursuant to the request of the examiner in charge, afforded sufficient consideration for the latter's agreement to extend the period of redemption and reduce the amount necessary to be paid by appellee.

Some reliance is placed by appellants upon payments made by appellee to the examiner in charge, of $10 each, between the issuance of the sheriff's deed and the deed to appellee on June 26, 1934. It is contended that these payments were for monthly rent of the premises. The record is not clear as to how many of these payments were made. That the total amount paid was small appears to be conceded. Appellants' answer seems to allege that only two such payments of $10 each were made during that period. It is sufficient answer to this contention of appellants that appellee testified the examiner in charge told him these payments were to apply upon interest and taxes. This testimony was not denied by the examiner in charge or other witness. We think the making of such payments as were made by appellee is not entitled to controlling consideration.

The decree of the district court is—Affirmed.

BLISS, C. J., and MITCHELL, STIGER, SAGER, OLIVER, HALE, and MILLER, JJ., concur.