In re Estate of Guy McDowell.

R. H. Stetson, Administrator, Appellee, v. Robert Exferd, Appellant.

No. 46731.

October 16, 1945.

Rehearing Denied December 12, 1945.

C. B. Stull and E. D. Stull, both of Des Moines, for appellant.

C. B. Hextell, of Des Moines, for appellee.

Mulroney, J.—By objections to the final report of the administrator of the estate of Guy McDowell, a claimant in said estate, Robert Exferd, sought to have certain real estate owned by the decedent declared nonexempt. The record is not very clear, since the so-called "stipulation" is largely composed of claims and contentions of counsel, but the answer to a single legal question will probably dispose of all the questions in the case.

The decedent, at the time of his death, was the contract owner of a house situated upon a tract of one and three-fourths acres in the city of Des Moines. He lived in the house

with his mother and two daughters. While the property is situated within the city limits of Des Moines, it was not platted. The claimant contended the homestead was limited to one-half acre. The trial court held that the entire tract of one and three-fourths acres was exempt as homestead.

Section 10136, Code of 1939, in providing for the extent of a homestead, states:

"If within a city or town plat, it must not exceed one-half acre in extent, otherwise it must not contain in the aggregate more than forty acres * * *."

We have often held that before a homestead can be limited to one-half acre it must be shown not only that it be within the city or town but that it must be within a city or town plat. See, Finley v. Dietrick et al., 12 Iowa 516; Beyer v. Thoeming, 81 Iowa 517, 46 N. W. 1074; Foster v. Rice, 126 Iowa 190, 101 N. W. 771; Hatter v. Icenbice, 207 Iowa 702, 223 N. W. 527.

Claimant admits that the property in question was not a part of any plat but he points to the record showing that the tract was a part of a larger unplatted tract in which there have been thirty-six transfers relating to parcels; that there are twenty-four distinct parcels in the large tract and twenty-two have dwellings thereon; and that the houses in the area are serviced by electricity, water, sewer, and telephone lines. His argument is that the property here has taken on "urban characteristics" and that the homestead should therefore be limited to one-half acre.

The answer is that the exemption is not based upon the circumstances or characteristics of the property. Its extent is governed by its location within a platted area of a city or town. Since the property here was not "within a city or town plat" it was not limited to one-half acre and the trial court was right in holding the entire tract of one and three-fourths acres exempt. The judgment of the trial court is affirmed.—Affirmed.

MILLER, C. J., and OLIVER, BLISS, GARFIELD, WENNERSTRUM, SMITH, and MANTZ, JJ., concur.

HALE, J., not sitting.