FRANCIS GREEN et al., appellants, v. WEBSTER COUNTY BOARD OF EDUCATION, appellee; DAYTON COMMUNITY SCHOOL DISTRICT, intervenor-appellee.

No. 50636.

June 12, 1962.

Rider, Bastian & Beisser, of Fort Dodge, for appellants.

Howard D. Hamilton, County Attorney of Webster County, for appellee, and Don N. Kersten, of Fort Dodge, for intervenor-appellee.

THOMPSON, J.—The controversy before us arises from the action of defendant Webster County Board of Education, hereinafter referred to as the board, in annexing a tract of $2^{15}\!/_{16}$ sections to intervenor Dayton Community School District. Pursuant to proper proceedings for a school district reorganization under chapter 275 of the Code of 1958, a hearing on objections to the proposed reorganization was set for January 29, 1960. No objections were filed by the plaintiffs herein or by anyone owning land within the territory now in dispute or having children attending school therein; but objections were filed by landowners residing outside the area.

Thereupon the board eliminated from the proposed reorganization plan a tract containing $2^{15}\!/_{16}$ sections of land. With this area removed, an election was held on the proposed plan for establishing a new district, to be known as Central Webster Community School District, and it was approved by the voters. There

is no charge of fraud or bad faith. The case was tried upon a stipulation of facts.

Thereafter, on June 17, 1960, by proper resolution defendant board annexed the tract which had been removed from the reorganization plan to the adjoining Dayton Community School District. This tract, being less than four sections in area, came within the purview of sections 275.1 and 275.5 of the Code, and no election or approval of the voters was required. The procedure of the board is not challenged.

I. On August 24, 1960, the plaintiffs brought their action in certiorari, alleging that the annexation to the Dayton district was illegal. Two propositions are urged for reversal of the trial court's judgment which annulled the writ of certiorari and dismissed plaintiffs' petition. The first is thus stated: "1. There is sufficient evidence in the Record to establish that the Board of Education did not comply with section 275.1 of the Iowa Code and by not doing so, the attaching of the disputed land to Dayton was not legal."

From the argument it appears that plaintiffs are at this point contending that the Dayton district is not equipped to give its students opportunities for education equal to those afforded by the Central Webster district. They cite the language of Code section 275.1 which says it is the declared policy of the state to encourage the reorganization of school districts into such units as are necessary, economical and efficient "and which will insure an equal opportunity to all children of the state." Plaintiffs urge that the Dayton grade school building is overcrowded, is in poor condition, with wooden floors and stairs, the third grade is taught in the basement with doors swinging in, the school does not have a qualified guidance counselor and does not teach a foreign language as required. It is said the Central Webster district is much better equipped in many respects.

We are thus invited to enter into the field of decision as to which district would afford better educational opportunities; that is to say, which would teach the young idea how to shoot the straighter. We must decline, as we have in the past. The fixing of boundaries is a legislative function and the courts may not interfere. We quote from Independent School District of Mal-

vern v. County Board of Education of Mills County, 250 Iowa 1240, 1246, 98 N.W.2d 737, 741:

"4. The essence of appellant's complaint in the parts of its petition stricken by the trial court was that the County Board did not exercise good judgment in reducing the size of the proposed district and substituting an inefficient plan for a good plan. The prayer would have the court substitute for the judgment of the County Board the judgment of the court as to the wisdom or practicability of the plan for the proposed district. This would have violated the constitutional provision requiring the separation of powers. Therefore the order of the trial court was correct."

See also Monroe Community School District v. Marion County Board of Education, 251 Iowa 992, 1000, 1001, 103 N.W.2d 746, 751, and Allely v. Board of Education in and for Mills County, 252 Iowa 1142, 1146, 1147, 110 N.W.2d 410, 413.

■ II. On June 12, 1961, the board attempted to change the effect of its resolution of June 17, 1960, under which the disputed area was attached to the Dayton district, by a new resolution which would have divided the tract, leaving part of it in the Dayton district and annexing the remainder to the Central Webster district. It will be noted that since the resolution of June 17, 1960, was in compliance with the statute, the annexation became effective at least not later than July 1, 1960, and the tract was thereafter a legal part of the Dayton district. Code section 275.24. It had lost its character as an area of less than four sections, and was an integral part of the Dayton district. So, as with any other part of the Dayton district, it could not be separated except by compliance with the statutes as outlined in chapter 275, particularly section 275.12.

■ However, the plaintiffs urge as their second proposition relied upon for reversal that the action of defendant board on June 12, 1961, attempting to detach a part of the tract in dispute and annex it to the Webster district was legal and the court had no right to interfere; that in so doing the court was itself fixing boundaries in contravention of the authorities cited in Division I above. It is evident the action of the board on June 12, 1961, was beyond its authority and did not follow the statutes. It had lost its power to annex a tract of less than four sections by resolu-

tion, and without an election under sections 275.1 and 275.5, supra. The area was then a part of the Dayton district, which totaled much more than four sections.

So the court, in holding the resolution of June 12, 1961, to be void, rather than fixing boundaries, was merely prohibiting the board from illegally changing them. There is a vast difference.

III. The defendant urges that certiorari is not a proper method of testing the actions of the board above outlined, citing Wilkinson v. County Board of Education, 251 Iowa 876, 102 N.W.2d 924. We do not decide the point, having preferred to rest our decision upon the merits of the questions involved. The judgment of the trial court was right.—Affirmed.

All JUSTICES concur.