QUINT-CITIES PETROLEUM Co., an Illinois corporation, appellee, v. DONALD C. MAAS et ux., appellants.

No. 52021.

124

June 14, 1966.

Hoersch & Werner, of Davenport, for appellants.

Wells, Brubaker & deSilva, of Davenport, for appellee.

RAWLINGS, J.—In an action for specific performance plaintiff claimed defendants orally agreed to make and deliver to plaintiff a written assignment of defendants' rights under a contract for purchase of certain real estate, but have since refused to abide by the agreement.

From an adjudication by the trial court adverse to defendants, they alone appeal.

These defendants are husband and wife. On September 29, 1958, they owed plaintiff $9000 secured by a second mortgage on some land in Rock Island County, Illinois.

Later, about March 23, 1960, defendants entered into a contract for purchase of a home in Davenport, Iowa. Then as security for payment of the same obligation they delivered to plaintiff an assignment of their purchase contract for the Davenport property. It was orally agreed this assignment would not be

recorded. At the same time plaintiff released the second mortgage previously given by defendants.

Due to an apparent misunderstanding, the assignment was inadvertently recorded. Defendant wife claimed the contract seller then threatened to terminate the purchase agreement and plaintiff was induced to release the assignment in order to avoid a forfeiture of defendants' rights under the purchase contract.

Plaintiff contends release of the assignment was given subject to an oral understanding defendants would execute and deliver another assignment which would not be immediately recorded. Defendants then refused to do so.

After plaintiff had started its action for specific performance in the state court, defendants filed petitions in bankruptcy listing among their debts an unsecured obligation in excess of $9000 then owing to plaintiff.

Later a claim was filed by plaintiff in the bankruptcy proceedings, alleging no security had ever been obtained for payment of the debt except for the $9000 owing.

Plaintiff filed objections to defendants' discharge in bankruptcy but they were overruled by the referee because not timely filed. An order of discharge was then entered.

The subject action by plaintiff against defendants was ordered stayed during pendency of the bankruptcy proceedings. After they had been terminated, trial proceeded on plaintiff's case in state court.

The trial court found plaintiff was entitled to a new assignment identical in terms and conditions with the assignment dated March 25, 1960, recorded in Book 138, Miscellaneous Records, page 197, in the office of the Recorder of Scott County, Iowa.

On this point the record is somewhat confusing. During trial the parties entered into a stipulation providing in part: "* * * *The assignment was dated March 23, 1960, acknowledged March 23, 1960, and filed February 1, 1961, and was recorded in Book 138 of Miscellaneous Records, page 197. * * *." (Emphasis supplied.)

We shall proceed upon the assumption the subject assignment was executed March 23, 1960, and on February 1, 1961, recorded in Book 138 of Miscellaneous Records, page 197, office

126

of the County Recorder. This is in accord with the allegations contained in plaintiff's petition.

However, this is a matter which on remand should be clarified and so far as necessary corrected by the trial court.

I. The remedy of specific performance is basically a matter standing in equity. Simpson v. Bostwick, 248 Iowa 238, 244, 80 N.W.2d 339; Vermeulen v. Meyer, 238 Iowa 1033, 1035, 29 N.W.2d 232; 81 C. J. S., Specific Performance, section 2, page 409; and 49 Am. Jur., Specific Performance, section 2, page 6.

II. Our review is, of course, de novo. This means we will examine the facts as well as the law, draw therefrom such conclusions as are found to be just and proper, and grant relief accordingly. Simpkins v. Simpkins, 258 Iowa 87, 92, 137 N.W.2d 621, 624.

When considering credibility of witnesses we give weight to the findings of the trial court but are not necessarily bound by them. Imperial Refineries Corp. v. Morrissey, 254 Iowa 934, 939, 119 N.W.2d 872, and rule 344(f)(7), Rules of Civil Procedure.

III. Defendants urge multiple "Errors relied on for reversal" rather than "Propositions relied on" as provided by rule 344(a)(3), R. C. P. They will be treated as propositions.

IV. Defendants first set forth an omnibus assignment of "propositions", then present a brief and argument as to only two of those so assigned, with sporadic reference to others.

Only those properly presented and argued will be reviewed. Allerton-Clio-Lineville Com. School District v. County Board of Education, 258 Iowa 846, 848, 140 N.W.2d 722, 723; McDannel v. Parkview Investment Corporation, 257 Iowa 1160, 1166, 136 N.W.2d 281, 285; Gilbrech v. Kloberdanz, 252 Iowa 509, 515, 107 N.W.2d 574; Beck v. Cousins, 252 Iowa 194, 196, 106 N.W. 2d 584, 86 A. L. R.2d 1017; and Carlson v. Bankers Trust Co., 242 Iowa 1207, 1210, 50 N.W.2d 1.

V. One of the grounds urged by defendants for reversal is inadequacy of proof to establish an oral contract for reassignment to plaintiff of their rights in the subject purchase contract.

The testimony presented by Marcus C. Low, Sr., president

of plaintiff-corporation, discloses the first assignment, later inadvertently recorded, was given plaintiff by defendants as security for the $9000 then owing; it was released upon assurance by both defendants they would restore plaintiff to the same position it occupied before the recorded assignment was released; a second identical assignment was to be given by defendants and held until plaintiff determined it necessary to record the new instrument; that he relied upon the promises made by defendants and released the recorded instrument, but they have since failed to execute and deliver the new assignment.

This testimony is substantially corroborated by Marcus C. Low, Jr.

According to defendant, Mrs. Maas, she was told by someone the recorded assignment gave cause for termination of defendants' rights under the purchase contract; she went to the attorney representing defendants and he prepared a new assignment identical with the first one, to be used on release of the recorded instrument; she took this with her and went to see counsel for plaintiff, admitted she knew he expected a substitute assignment as a condition to release of the first one, and was aware a reassignment should be effected in fairness to Marcus C. Low, Sr.; carefully avoided expressing a willingness to execute the new agreement; and, in the face of these facts, stated she never really intended to execute any new assignment.

VI. However, Mr. Maas, without any known cause or excuse, never appeared as a witness.

■ In this connection, it stands without argument that where relevant evidence is within the control of a party whose interests would naturally call for its production, and he fails to do so without satisfactory explanation, it may be inferred such evidence would be unfavorable to him. Jewett v. Jewett, 252 Iowa 883, 887, 109 N.W.2d 36; State v. Cotton, 240 Iowa 609, 625, 33 N.W.2d 880; 31A C. J. S., Evidence, section 156(3), page 403; 20 Am. Jur., Evidence, section 183, page 188; and section 187, page 192. See also annotations, 5 A. L. R.2d 893.

■ And the unexplained failure of defendant husband to testify certainly created an inference his testimony would neither aid nor support the defense. Grimes Savings Bank v. McHárg,

224 Iowa 644, 648, 276 N.W. 781, and 31A C. J. S., Evidence, section 156(4), page 419.

VII. We are persuaded the claimed oral agreement between the plaintiff and defendants was established with reasonable certainty.

In Hunter Investment, Inc. v. Divine Engineering, Inc., 248 Iowa 1109, 1120, 83 N.W.2d 921, this court said: "* * * the burden is on the party seeking specific performance to establish the contract by clear, satisfactory and convincing evidence."

But, as was stated in Vrba v. Mason City Production Credit Assn., 248 Iowa 264, 268, 80 N.W.2d 495: "This does not mean that proof of the contract must be undisputed or to an absolute certainty—reasonable certainty is sufficient." In this connection see also Fortgang Brothers, Inc. v. Cowles, 249 Iowa 73, 77, 85 N.W.2d 916; 49 Iowa Law Review 1290; 81 C. J. S., Specific Performance, section 143, page 727; and 49 Am. Jur., Specific Performance, section 22, page 34.

Plaintiff seeks only to be restored to the position occupied prior to release of the first assignment.

In fact it asks that the substitute agreement be exactly the same as the one placed of record in the office of the County Recorder of Scott County.

It is difficult to believe an oral contract could be clearer or more definite, certain and complete than that presented in the case now before us, short of complete agreement.

VIII. Defendants also claim their discharge in bankruptcy released them from all provable obligations and without the benefit of a debt any agreement to give security was nullified. They apparently contend the discharge order in bankruptcy cancelled any right of recourse against them for specific performance of a claimed oral agreement.

At first glance this would appear to be a logical argument, but close inspection reveals it to be without substance or merit.

As was said in Watson v. Merrill, 136 F. 359, 363, 14 Am. Bankr. Rep. 458: "An adjudication in bankruptcy does not dissolve or terminate the contractual relations of the bankrupt, * * *. It neither releases nor absolves the debtor from any of his contracts or obligations, but, like any other assignment of

property by an obligor, leaves him bound by his agreements, and subject to the liabilities he has incurred. * * * His obligations and liabilities are neither terminated nor released by the adjudication. * * * And so throughout the entire field of contractual obligations the adjudication in bankruptcy absolves from no agreement, terminates no contract, and discharges no liability. * * *."

Stated otherwise the obligation to perform under a continuing or executory contract is not ordinarily affected by a discharge in bankruptcy. 8 Remington on Bankruptcy, Sixth Ed., section 3300, page 148.

And if plaintiff has any legally recognized rights, they undoubtedly exist by virtue of an executory contract. 17 C. J. S., Contracts, section 7, page 576, and 17 Am. Jur.2d, Contracts, section 6, page 341.

While the record is relatively meager, though for some unknown reason replete with questions and answers, it still discloses the subject real estate was occupied by defendants and used by them as a home both before and after the bankruptcy discharge. From this it logically follows the real estate here involved was treated as exempt in the insolvency proceedings and remained subject to the purchase contract previously entered into by defendants with the seller.

So although the debt of $9000 admittedly owing came into being as the result of bona fide business dealings between plaintiff and defendants and was undoubtedly liquidated by the discharge in bankruptcy, all existing rights under the purchase contract still existed and remained in possession of these defendants, subject to any rights held by plaintiff assignee.

It then follows that if plaintiff was entitled to an assignment of the purchase contract, the discharge would in no manner affect that right. We are satisfied the preexisting independent contract, under which defendants agreed to give plaintiff security for the admitted debt, survived the discharge in bankruptcy. Schwanz v. Farmers Co-op Co., 204 Iowa 1273, 1276, 1277, 214 N.W. 491, 55 A. L. R. 644; Bisby v. Walker, 185 Iowa 743, 751, 169 N.W. 467, 171 N.W. 152; 8B C. J. S., Bankruptcy, section

582(1), page 114; and 9 Am. Jur.2d, Bankruptcy, section 759, page 566.

On the basis of the foregoing, any recovery which plaintiff may have is limited to recourse against the res, permitting no personal judgment against the bankrupt.

IX. There is still another facet of this case to which we must now direct our attention.

By its petition plaintiff asserted the recorded instrument, later released, was given as security for payment of the then existing $9000 obligation. Its prayer for relief is phrased accordingly.

As previously stated defendants admitted the debt, conceded execution and delivery to plaintiff of the assignment, but denied it was given for the purpose of securing the indebtedness owing by them to plaintiff.

In force and effect, if not expressly, the trial court concluded the recorded assignment was in fact an absolute transfer, not given as security for payment of an existing debt, and plaintiff was entitled to be restored to the position of an unrestricted holder of all rights under the purchase agreement. See 6 C. J. S., Assignments, section 82, page 1136, and 6 Am. Jur.2d, Assignments, section 102, page 282.

However plaintiff, by its pleadings and on appeal, concedes the second mortgage and subsequent assignment were each given as security for recovery of an existing debt. It seeks nothing more than to be restored to its original secured position. Despite any statements to the contrary by plaintiff's counsel in oral argument the pleadings control and its remedy is accordingly limited. Alcorn v. Linke, 257 Iowa 630, 638, 133 N.W.2d 89, 94; DeReus v. DeReus, 212 Iowa 762, 765, 237 N.W. 323; and Davis v. Davis, 209 Iowa 1186, 1189, 229 N.W. 855.

X. Plaintiff will suffer if its security is not reinstated, and defendants will thus gain an unjust benefit. But if the assignment be dealt with as an unqualified transfer of all rights possessed by defendants under the purchase agreement, they stand to lose everything, being left with no possible legally enforceable redemption privileges.

We are persuaded plaintiff can have no greater remedy than restoration to its position as a qualified purchase contract assignee. Under the existing situation plaintiff is entitled to the benefit of such specific performance as will serve to reinstate it to the position of a creditor holding security for recovery of any or all of the amount owing with interest. See in this connection, Kleinsorge v. Clark, 232 Iowa 313, 316, 4 N.W.2d 433.

XI. We conclude the trial court properly found plaintiff was entitled to specific performance, but erred in: (1) concluding plaintiff was entitled to all the rights of an unqualified and absolute purchase contract assignee, and (2) failing to find and adjudicate plaintiff's rights to an assignment of defendants' purchase contract as security for an in rem recovery of the original debt.

XII. Having determined plaintiff is entitled to have and receive an assignment of defendants' rights as contract purchaser in the subject property, but only as security for recovery of $9000 with interest, this case must be remanded for entry of decree in keeping herewith.

Affirmed in part, reversed in part, and remanded for decree not inconsistent herewith. Costs on this appeal are taxed one half to plaintiff and one half to defendants.

All JUSTICES concur.