**LaMOTTE INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**JACKSON COUNTY, Iowa, BOARD OF ED-UCATION and State Board of Public Instruction for the State of Iowa, Appellee.**

**ZWINGLE INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**JACKSON COUNTY, Iowa, BOARD OF ED-UCATION and State Board of Public Instruction for the State of Iowa, Appellee.**

**OTTER CREEK TOWNSHIP SCHOOL DISTRICT, Appellant,**

v.

**JACKSON COUNTY, Iowa, BOARD OF ED-UCATION and State Board of Public Instruction for the State of Iowa, Appellee.**

No. 52688.

Supreme Court of Iowa.

Jan. 9, 1968.

Rehearing Denied March 5, 1968.

Gilloon, Klauer, Stapleton & Ernst, by, Michael A. Stapleton, Dubuque, for appellants.

Schoenthaler, Schoenthaler & Roberg, by, LaVern Roberg, Maquoketa, for appellee Jackson County, Iowa, Board of Education.

RAWLINGS, Justice.

We are here confronted with another, and this time three-in-one, controversy involving reorganization of school districts.

Trial court sustained motions to dismiss three identical petitions challenging attachment orders by the Jackson County Board of Education, affirmed by State Board of Public Instruction, and plaintiff districts appeal, all cases being consolidated for that purpose. We affirm.

April 1, 1966, the three plaintiff school districts, LaMotte, Zwingle and Otter Creek, were not in a district having a school with 12 grades. See section 275.1, Code of Iowa.

April 2, defendant board of education, entered orders attaching each plaintiff district to a designated community school district. These orders were filed April 18th with the State Board of Public Instruction. June 16, these actions were approved by the State Board, effective July 1.

Each plaintiff school district appealed to the district court challenging attachment orders entered by the county board.

The petition in each case is identical. Count I challenges attachment actions taken on various alleged grounds. Count II assails constitutionality of the board actions and basis upon which taken.

By identical motions to dismiss defendant county board contended the petitions in each case failed to state any claim for which relief could be granted. All three motions were sustained, plaintiff districts elected to stand on their pleadings, and appeals followed.

I. The sole error relied on for reversal by plaintiff districts is, "The Court erred in sustaining the Motion to Dismiss". This is followed by no divisions or specific brief points. Standing alone it is no more than an omnibus or catchall assignment followed by a limited brief and argument relating only to Count I of the motions to dismiss.

Under existing circumstances our review is granted as a matter of grace, and will be confined to the matter assigned and argued. See rule 344(a) (4) (Third), R.C. P.; Quint-Cities Petroleum Co. v. Maas, 259 Iowa 122, 143 N.W.2d 345, 347; and Steele v. Northup, 259 Iowa 443, 143 N.W. 2d 302, 304–305.

II. Where, as in this case, a doubtful pleading is challenged before issues are joined, it will be resolved against the pleader. Hinrichs v. Iowa State Highway Commission, Iowa, 152 N.W.2d 248, 256; Hahn v. Ford Motor Co., 256 Iowa 27, 29, 126 N. W.2d 350; Anthes v. Anthes, 255 Iowa 497, 503, 122 N.W.2d 255; and Eaton v. Downey, 254 Iowa 573, 579, 118 N.W.2d 583.

■ III. Also, a timely motion to dismiss should be sustained where the challenged pleading fails to state a claim on which any relief asked can be allowed. Rule 104, R.C.P., and Hinrichs v. Iowa State Highway Commission, supra.

IV. As heretofore revealed, the only question presented on this appeal is whether Count I of each petition states a cause of action on which any relief can be accorded.

No useful purpose will be served by setting forth the grounds alleged by plaintiff districts upon which relief is requested.

Each petition consists of nothing more nor less than bare legal conclusions which individually and collectively culminate in the assertion defendant county board either acted unwisely or failed to exercise sound judgment.

The prayer, ultimately asserted by each plaintiff district, is that, (1) attachment to either the Andrew Community School District or Maquoketa Community School District be disapproved; and (2) they be ordered attached to the Dubuque Community School District.

■ It is of course understood a party must plead ultimate facts, not mere legal conclusions alone. See Winneshiek Mutual Ins. Assn. v. Roach, 257 Iowa 354, 367–368, 132 N.W.2d 436, and citations.

■ Furthermore, we have repeatedly taken the position it is not within the province of our courts to weigh the wisdom of legislative action by school boards acting pursuant to proper statutory authority. Davies v. Monona County Bd. of Ed., 257 Iowa 985, 995–996, 135 N.W.2d 663; Green v. Webster County Bd. of Ed., 253 Iowa 1198, 1200–1201, 115 N.W.2d 856; and In re Community Sch. Dist. of Malvern, 250 Iowa 1240, 1243–1246, 98 N.W.2d 737.

■ And, as this court has consistently held, we can interfere in these local legislative matters only where it is alleged and appears a school board has exceeded its jurisdiction, or any challenged action taken by it is arbitrary, unreasonable and without support in the record. See In re Lone Tree Community School District, Iowa, 150 N.W.2d 637, 640, and Board of Directors of Grimes Independent School District v. County Bd. of Ed., 257 Iowa 106, 113–114, 131 N.W.2d 802.

■ V. The prayer of a petition must always be examined to determine what constitutes the subject matter of litigation for judicial purposes, and generally the relief to be afforded is accordingly limited. Rauch v. Senecal, 253 Iowa 487, 490, 112 N.W.2d 886; In re Estate of Hoelscher, 249 Iowa 444, 449, 87 N.W.2d 446; and Federal Land Bank of Omaha v. Jefferson, 229 Iowa 1054, 1057, 295 N.W. 855, 132 A.L.R. 1282. Incidentally, see also Schlotfelt v. Vinton Farmers' Supply Co., 252 Iowa 1102, 1112, 109 N.W.2d 695; Ashby v. School Township of Liberty, 250 Iowa 1201, 1206, 98 N.W.2d 848; and Henry Walker Park Ass'n v. Mathews, 249 Iowa 1246, 1257–1259, 91 N.W.2d 703.

■ VI. In praying, (1) the orders, legislative in nature, entered by defendant county board be set aside, absent some declared action in excess of jurisdiction or which is arbitrary, unreasonable and without support in the record, plaintiffs ask a remedy which cannot be accorded by the courts of this state; and (2) that a court attach them to some district other than that determined upon by proper authority, they seek relief legislative in nature which we cannot grant.

In support of the foregoing see In re Lone Tree Community School District, supra, 150 N.W.2d loc. cit., 641, and citations.

VII. Plaintiffs allege no ultimate facts upon which any relief prayed could be granted.

Affirmed on all appeals.

All Justices concur, except BECKER, J., who takes no part.