**Sharri Lynn GAMERDINGER and Thomas Paul Gamerdinger, Appellees,**

v.

**Patrick SCHAEFER and Deere & Company, Appellants.**

No. 98–377.

Supreme Court of Iowa.

Dec. 22, 1999.

. . . .

*f.* That the verdict, report, or decision is not sustained by sufficient evidence or is contrary to law. . . .

Samuel C. Anderson and Natalie Williams Burris of Swisher & Cohrt, P.L.C., Waterloo, for appellants.

Mark W. Fransdal and Susan Bernau Staudt of Redfern, Mason, Dieter, Larsen & Moore, Cedar Falls, for appellees.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

SNELL, Justice.

In this personal injury action the district court granted a new trial on plaintiffs' motion. Defendants appealed and plaintiffs cross-appealed. We now affirm the granting of a new trial for reasons raised in plaintiffs' cross-appeal.

## I. Background Facts and Proceedings

Plaintiffs, Sharri and Thomas Gamerdinger, filed suit against defendants, Patrick Schaefer and Deere & Company, for damages the Gamerdingers sustained as a result of a collision at Deere's plant between a motorized cart driven by Sharri Gamerdinger and a forklift truck driven by Patrick K. Schaefer. Sharri Gamerdinger claimed she sustained personal injuries as a result of the accident; Thomas Gamerdinger brought a claim for loss of consortium.

Following a jury trial, a verdict was returned in which fifty percent of the fault for the accident was attributed to Sherri Gamerdinger, twenty percent to Schaefer, and thirty percent to Deere. The jury awarded Gamerdinger $10,776.04 for past medical expenses and $20,000 for those expected to be incurred in the future. These amounts were reduced by her percentage of fault. No other damages were granted. Judgment was entered in favor of Gamerdinger for $15,388.02 plus interest.

Gamerdinger moved for a new trial, arguing in part that the jury verdict was inconsistent in that it awarded medical expenses but failed to confer corresponding amounts for pain and suffering and loss of function. The district court agreed and suggested additur of $40,000. Both parties objected to the amount proposed so the court sustained the motion for a new trial.

On appeal, defendants claim the verdict is not inconsistent, and that a new trial should not have been granted on the ground that it was. Defendants further assert plaintiffs waived error in this regard by not requesting a jury instruction on the issue, and by not objecting to the verdict before the jury was dismissed.

On cross-appeal, plaintiffs raise two evidentiary issues that we find dispositive. For this reason we do not address the other matters.

## II. Scope of Review

■ The trial court ordered a new trial pursuant to Iowa Rule of Civil Procedure 244. Our review proceeds to determine if the trial court abused its discretion in granting a new trial. *Wilson v. IBP, Inc.,* 558 N.W.2d 132, 144 (Iowa 1996); *Collier v. General Inns Corp.,* 431 N.W.2d 189, 190 (Iowa App.1988). Our review may also result in an affirmance on grounds other than those relied on by the trial court. *Grefe & Sidney v. Watters,* 525 N.W.2d 821, 826 (Iowa 1994); *Collins v. State,* 477 N.W.2d 374, 376 (Iowa 1991).

## III. Evidence of Habit

### A. Introduction

Gamerdinger asserted that she was injured when Schaefer negligently operated his forklift truck and ran into her motorized cart. She sought to introduce evidence of Schaefer's habit of being negligent in operating the forklift.

Iowa Rule of Evidence 406 is implicated here. It states:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Prior to the beginning of evidence, the trial court granted defendants' motion in limine concerning the safety of Schaefer's previous operation of the forklift. The court ruled that it would not allow this evidence unless defendants made it an issue by averring that Schaefer was a safe driver. The matter surfaced again at trial via direct examination of Schaefer by defendants, cross-examination, redirect and recross-examination. Plaintiffs' request for rebuttal testimony was denied, the court saying:

> My ruling that I made in connection with the motion in limine remains unchanged. There weren't any significant developments during the course of the trial during defendants' presentation of evidence that would give me cause to change that.... Mr. Anderson, I feel, was quite careful to avoid getting into those areas. I find that he didn't open those areas up, and the ruling that I had previously made in connection with defendants' motion in limine should remain unchanged, so your proffer in that regard, Mr. Fransdal, is denied.

### B. Trial Testimony

At trial, plaintiffs developed testimony of Tim Davison, who retired from Deere in May of 1995, after more than twenty-nine years of service. For the last seven years of his employment, he unloaded tires from trucks in the loading dock area. He worked with defendant Schaefer for five and one-half to six of those years.

Davison observed Sharri Gamerdinger approaching the scene of the accident on her food cart. She was going about as fast as a person can walk. She was going no faster than food carts usually traveled as they went about their business in the Wheel Building. As she approached the dock area, Davison observed Schaefer back his forklift truck out of the semi trailer he was unloading and collide with the left side of her food cart. Defendant sounded no horn prior to exiting the trailer, and did not look either way or stop prior to backing the vehicle out of the trailer.

Following the testimony of Tim Davison, plaintiffs made an offer of proof related to the habit and custom of Schaefer in the operation of his forklift truck. According to Davison, defendant's driving habits were erratic in that he did not always know what was going on around him. Davison had testified before the jury that it was the forklift driver's responsibility to look in the mirror, behind, to the left, and to the right in backing the forklift out of a trailer. In the offer of proof, Davison said Schaefer had a long-standing problem in not following this procedure. Defendant's laxity in this respect was so problematic Davison felt compelled to talk to Schaefer's supervisor, Ron Mills, one or two times per month, for the five and one-half to six years that the men worked together. Davison indicated that improvements in Schaefer's driving occurred temporarily after he spoke with Mills, but the improvements never lasted.

Another offer of proof was made by plaintiffs with regard to testimony from Jerry Linsey, a long-time employee of Deere. Linsey retired from Deere in April of 1997, after more than thirty years of service. He drove a yard tractor around the Wheel Building for the last five to eight years of his employment. Linsey testified that Schaefer had a custom or habit of not looking to see if there were any pedestrians in the way or coming through the area when backing out of a trailer with a load of tires. He indicated that this occurred daily. Linsey said that he talked to Ron Mills about Schaefer's

inattentiveness on fourteen or fifteen occasions. He also notified another supervisor, Bill Holmes, but the complaints never seemed to make a difference in Schaefer's driving habits.

### C. Admissibility of Habit Evidence

██ A habit is a person's regular practice of responding to a particular kind of situation with a specific kind of conduct. 1 *McCormick on Evidence* § 195, at 686–87 (5th ed.1999). Evidence of habit that comes within this definition has greater probative value than does evidence of general traits of character. Furthermore, the potential for prejudice is substantially less. *Id.* The basis for admissibility of habit and custom is the inference that if a person has acted a certain way with regularity in the past, it is probable the person acted in conformity with that pattern on the occasion in question. John P. Roehrick, *Iowa Evidence* § 10–8, at 228 (1985); *see also Barrick v. Smith,* 248 Iowa 195, 200, 80 N.W.2d 326, 329 (1957).

██ We have held that the trial court has wide discretion in ruling on the admissibility of evidence. *State v. Spilger,* 508 N.W.2d 650, 652 (Iowa 1993); *Oberreuter v. Orion Indus., Inc.,* 398 N.W.2d 206, 210 (Iowa App.1986). The trial court's decisions will not be disturbed unless there is a clear and prejudicial abuse of discretion. *Carter v. Wiese Corp.,* 360 N.W.2d 122, 130–31 (Iowa App.1984); *see also Gail v. Clark,* 410 N.W.2d 662, 672 (Iowa 1987); *Grodt v. Darling,* 472 N.W.2d 845, 848 (Iowa App.1991).

██ "[E]vidence of former accidents at a place is admissible to show its dangerous character and knowledge thereof if conditions are substantially similar or comparable and they are not too remote." *Madison v. Colby,* 348 N.W.2d 202, 209–10 (Iowa 1984); *see also Oberreuter,* 398 N.W.2d at 211. It is ordinarily within the trial court's discretion to decide to exclude evidence on grounds of relevancy. *Fell v. Kewanee Farm Equip. Co.,* 457 N.W.2d 911, 920 (Iowa 1990); *Cook v. State,* 431 N.W.2d 800, 803 (Iowa 1988). The determination of similarity of conditions and timeliness involves relevancy and is vested in the trial court's discretion. *See Schuller v. Hy–Vee Food Stores, Inc.,* 328 N.W.2d 328, 330–31 (Iowa 1982); *see also on admissibility of habit evidence, State v. Mary,* 368 N.W.2d 166, 168 (Iowa 1985); *State v. Shelton,* 176 N.W.2d 159, 161 (Iowa 1970).

### D. Relevancy of Evidence

██ Plaintiffs' offers of proof sought to establish defendant's past custom and habit in operating the forklift truck. Both witnesses testified about Schaefer's habit of not watching for pedestrians and other vehicles as he unloaded trailers with his forklift. They further testified that Schaefer hit or nearly hit numerous other objects as a result of his failure to watch where he was going. Plaintiffs' witnesses Davison and Linsey also stated that their repeated complaints to supervisors at Deere did not remedy Schaefer's driving habits. This testimony bears on the question of knowledge on the part of Deere's management. In addition, the evidence of Schaefer's past habits and conduct all pertained to actions occurring in the same work environment as that in which the accident involving Sharri Gamerdinger occurred.

In *Greyhound Lines, Inc. v. Miller,* 402 F.2d 134 (8th Cir.1968), the court held that evidence of prior accidents on the same premises was relevant to show the owner's knowledge of the dangerous conditions.

We find that this evidence was relevant and probative as to the likelihood of Schaefer's being negligent in operating his forklift truck. It also may bear on the jury's assessment of the percentage of fault attributable to Schaefer by his conduct. The evidence clearly comes within the purview of Iowa Rule of Evidence 406 and should have been admitted. Admissibility in this case does not depend on whether defendants opened the door in their examination

of Schaefer so that plaintiffs could then use their evidence of habit in rebuttal. This evidence was admissible as proffered by plaintiffs, standing alone. We hold the trial court erred in not so ruling on the admissibility of this evidence proffered at trial.

## IV. Spoliation of Evidence

Plaintiffs also contend that error occurred when the court failed to include an instruction on spoliation of evidence which was requested by plaintiffs. Witnesses testified that security personnel of Deere were called to the accident scene and took photographs of the damage caused to the motorized cart driven by Sherri Gamerdinger. The parties argued at length over the severity of injuries arising from the accident. The photographs would have aided the jury in resolving this issue by showing the damage actually sustained by the cart. The damage caused by the forklift truck, whether slight or great, as revealed by the photographs, was relevant for the jury's assessment of Sherri Gamerdinger's injuries flowing from the accident, and the award of damages for those injuries.

During the discovery proceedings, plaintiffs requested copies of all photographs of any vehicles involved in the accident. Defendants filed a response indicating that there were none.

We have established that the court is required to give a requested instruction when it states a correct rule of law having application to the facts of the case, and the concept is not otherwise embodied in other instructions. *Stover v. Lakeland Square Owners Ass'n*, 434 N.W.2d 866, 868 (Iowa 1989). In *Quint-Cities Petroleum Co. v. Maas*, 259 Iowa 122, 143 N.W.2d 345 (1966), we said:

> It stands without argument that where relevant evidence is within the control of a party whose interest would naturally call for its production, and he fails to do so without satisfactory explanation, it

may be inferred such evidence would be unfavorable to him.

*Quint*, 259 Iowa at 127, 143 N.W.2d at 348; *see also Raiche v.. Standard Oil Co.*, 137 F.2d 446 (8th Cir.1943).

In *Holmquist v. Volkswagen of America, Inc.*, 261 N.W.2d 516 (Iowa App.1977), the court of appeals addressed this principle in a products liability case. It was noted that the automobile dealer who tightened retention bolts on a vehicle after an accident, without authorization, effectively denied plaintiff an opportunity to examine the car regarding the specific defect alleged. The court remarked that "spoliation of evidence raises a presumption against the spoliator." *Holmquist*, 261 N.W.2d at 523.

The standard of review of a failure to give a requested instruction is based on errors of law. *Stover*, 434 N.W.2d at 868; *see also State v. Ceaser*, 585 N.W.2d 192, 193 (Iowa 1998); *State v. Rains*, 574 N.W.2d 904, 915 (Iowa 1998). In the instant case, the trial court erred in not giving the requested instruction based on defendants' failure to produce the photographs of the damaged motorized cart.

## V. Disposition

On defendants' appeal, the questions raised are mooted by our decision on the cross-appeal. On plaintiffs' cross-appeal, we affirm the trial court's grant of a new trial.

Costs are assessed against defendants.

**APPEAL MOOTED; DISTRICT COURT AFFIRMED.**